STEPHEN D. MEADER *vs.* SULLIVAN S. WHITE.

Penobscot, 1876.—August 5, 1876.

*Lord's day.*

A loan of money made on the Lord's day is void.

Whether the promise to repay be in writing, verbal or implied, it cannot be enforced.

ON REPORT.

ASSUMPSIT on account annexed, originally tried before a trial justice and defended by an account in set-off, and plea of non-assumpsit. The trial justice gave judgment for the plaintiff for $9 and costs; and the defendant appealed.

By agreement of the parties the case is submitted to the law court on the statement that the matter of one item only shall be presented to the law court; that on one Sunday in April, 1872, at four o'clock in the afternoon, the defendant went to the house of his brother-in-law, the plaintiff, in Dexter, four miles from his own house, and said to the plaintiff that he wanted to borrow of him the sum of $9, and promised to repay it the next fall. Thereupon the plaintiff let the defendant have the sum of $9.

If the action is maintainable for the nine dollars, the defendant is to be defaulted for that sum and interest from the date of the writ and for costs; otherwise, the plaintiff is to be nonsuit and the defendant to have costs.

*V. A. Sprague & M. Sprague*, for the plaintiff, contended in substance, that one who loans money without interest, on Sunday, to relieve want, necessity, distress, violates no moral law, nor the statute which forbids traveling, or doing "any work, labor or business on that day, except works of necessity or charity;" that either the defendant represented truly that he was in want, or untruly; if truly, neither was violating the law; if untruly, he should not take advantage of his own wrong, not participated in by the plaintiff.

In the course of the argument under various views, the counsel cited and commented upon the following cases: *Cratty* v. *Bangor*, 57 Maine, 423. *Bailey* v. *Blanchard*, 62 Maine, 168. *McGatrick* v. *Wason*, 4 Ohio St. R. 566. *Whitcomb* v. *Gilman*, 35 Vt. 297. *State* v. *Goff*, 20 Ark. 289. *Jones* v. *Andover*, 10 Allen, 18. *Commonwealth* v. *Sampson*, 97 Mass. 407. *McGrath* v. *Merwin*, 112 Mass. 467. *Phil. R. R. Co.* v. *Phil. Towboat Co.*, 23 Howard, 209. *McClary* v. *Lowell*, 44 Vt. 116. *Hearne* v. *Nichols*, 1 Salk. 289. *Flagg* v. *Millbury*, 4 Cush. 243. *Adams* v. *Gay*, 19 Vt. 358.

The counsel closed with the appeal to the court, that if the points

noticed were of no avail, the wisdom of the court would discover a remedy which would combine law and justice, and give to the plaintiff the money which the defendant was so unjustly endeavoring to withhold.

*J. Crosby*, for the defendant.

The contract being made on Sunday is illegal. *Melior est conditio defendentis.*

APPLETON, C. J.   The defendant borrowed of the plaintiff nine dollars on the Lord's day.   Had he given his note for this sum, its collection could not have been enforced because of the statute forbidding secular business on that day.   Whether the promise to repay is evidenced by a written memorandum or by a verbal promise, or rests upon an implied one, the same result must follow. The contract was illegal because made on a day when the making of contracts is forbidden, and the plaintiff cannot claim through an act prohibited by the statute.   *Finn* v. *Donahue*, 35 Conn. 216. *Plaisted* v. *Palmer*, 63 Maine, 576.

The moral obligation to repay money loaned is the same, whether the loan be made on one day or on another.   It is an unfortunate condition of the law when the violator of its commands is rewarded by it for such violation.   The defendant and the plaintiff are alike guilty of a violation of law; the former in soliciting a loan, the latter in yielding to such solicitation.   Both are liable to the penalty provided by the statute.   But the defendant, while guilty with the plaintiff, and equally amenable to the penalties provided by the statute, is rewarded for his wrong doing by the refusal of the law to aid in the enforcement of a debt justly due.   He is absolved ·from an indebtedness created at his own instance; while his associate in guilt, who yielded to his wishes is liable to a double penalty, that inflicted by law, and that arising from the non-payment of money loaned in addition to the sorrows of a regretful conscience.

Juvenal indignantly says:

> "*Multi*
> *Committunt eadem, diverso crimina fato ;*
> *Ille crucem pretium sceleris tulit, hic diadema.*"

So, now, of two criminals guilty of the same offense, one is punished and the other rewarded by the law, which creates the offense.

*Plaintiff nonsuit.*

DICKERSON, VIRGIN and PETERS, JJ., concurred.

WALTON, J., concurred in the result.