WILLIAM H. GRANT *vs.* THOMAS McGRATH AND ANOTHER.

Hartford Dist., May T., 1888. PARK, C. J., CARPENTER, PARDEE, LOOMIS and BEARDSLEY, Js.

The statute, (Gen. Statutes, § 1569,) forbids the doing of secular business between the rising and the setting of the sun on Sunday. The defendants sold a horse to the plaintiff within those hours upon representations then made by them. The horse was delivered at the time, but payment was not made therefor until the following Monday. In a suit brought by the plaintiff for fraud in the sale of the horse, it was held—

1. That the sale being illegal, and the plaintiff's case requiring a proof of the sale, he could not recover for the fraud.

2. That the receipt by the defendants of payment on Monday could not be regarded as affirming and legalizing the sale.

[Argued May 2d—decided June 26th, 1888.]

ACTION for fraud in the sale of a horse, brought, by appeal from the judgment of a justice of the peace, to the Court of Common Pleas of Hartford County, and heard by *Calhoun, J.*, on a motion of the defendants for judgment in their favor upon the plaintiff's replication to their answer. Motion granted and judgment rendered for the defendants, and appeal by the plaintiff. The case is fully stated in the opinion.

*L. E. Stanton* and *W. J. McConville*, for the appellant.

1. The case should not have been decided upon a mere motion of the defendant for a judgment in his favor. It should have been heard on the facts. Upon a trial it might

have appeared whether a completed contract had been made on Sunday, or whether the horse was merely left with. the plaintiff, with no final contract, as we claim to have been the case, the contract being open until Monday when it was closed by the payment then made for the horse.

2. A plaintiff can recover for a tort committed on Sunday, and the fraud in this case was a tort. *Frost* v. *Plumb,* 40 Conn., 111; *Hale* v. *Corcoran,* 107 Mass., 251; *Adams* v. *Gay,* 19 Verm., 358. In the last case a recovery was had for a fraud on Sunday in a horse trade. To the same effect is *Hilton* v. *Houghton,* 35 Maine, 144. Numerous cases hold that a party is not precluded from recovery for injuries from a defect in a highway merely because he is traveling on Sunday. *Barker* v. *City of Worcester,* 139 Mass., 74; *Platz* v. *City of Cohoes,* 24 Hun, 101; *Knowlton* v. *Milwaukee City R. R. Co.,* 59 Wis., 278. See also remarks of FOSTER, J., in *Cameron* v. *Peck,* 37 Conn., 556.

3. The transaction was not complete in law until payment was made on Monday. *Adams* v. *Gay,* 19 Verm., 358; *Nelson* v. *Wood,* 62 Ala., 175. A note made on Sunday but delivered on a week day is good. *Clough* v. *Davis,* 9 N. Hamp., 500; *Goss* v. *Whitney,* 24 Verm., 187, and 27 id., 272; *Commonwealth* v. *Kendig,* 2 Penn. St., 448. An agreement for use and occupation of land made on Sunday, but occupation entered into on a week day, held to be good. *Stebbins* v. *Peck,* 8 Gray, 553.

4. If the contract is to be regarded as completed on Sunday, then it was renewed and confirmed on Monday, when the payment was made, and became a transaction of Monday and not of Sunday. *Stebbins* v. *Peck,* 8 Gray, 553; *McKinney* v. *Demby,* 44 Ark., 74; *Tucker* v. *West,* 29 id., 386; *Banks* v. *Werts,* 13 Ind., 203; *Harrison* v. *Colton,* 31 Iowa, 16; *Sumner* v. *Jones,* 24 Verm., 317; *Taylor* v. *Young,* 61 Wis., 314; *Smith* v. *Case,* 2 Or., 190; *Van Hoven* v. *Irish,* 3 McCrary, 443.

*L. Sperry,* for the appellee.

CARPENTER, J. This is a complaint for a false warranty in .the sale of a horse, returnable before a justice of the peace, and appealed to the Court of Common Pleas.

The third defense is as follows :—" The defendants say that on Sunday, October 9th, 1887, they sold and delivered to the plaintiff a horse at the agreed price of $80 ; that the horse here mentioned is the same horse referred to by the plaintiff, and that said contract of purchase and sale, and said alleged warranty and representations upon which the plaintiff relies for recovery, were made, so far as they were made at all, on Sunday, October 9th, 1887, between the rising and the setting of the sun."

The plaintiff then amended his complaint by substituting for the first count, a count for fraud in the sale. To the complaint as amended the same answer was filed. The plaintiff replied as follows :—

1. The plaintiff replies and denies all the allegations in the defendants' answer, except as hereinafter admitted.

2. The representations by the defendants to the plaintiff that induced him to receive said horse, were made on Sunday, October 9th, 1887, and the plaintiff received said horse on that day, between the rising and setting of the sun.

3. The plaintiff paid for said horse on Monday, October 10th, 1887.

Thereupon the defendant filed a written motion as follows :—" And now the defendants come into court and move for judgment in their favor, because it appears that the allegations of fact in their third defense contained, which are admitted to be true by the plaintiff in his replication, constitute in law a complete defense to the plaintiff's alleged cause of action." This motion was allowed and the plaintiff appealed.

The sale of a horse by the defendants to the plaintiff lies at the foundation of the plaintiff's suit. Proof of such a sale is essential to a recovery. That sale, being in violation of the statute in relation to the Sabbath, was illegal. The plaintiff then must prove, as a part of his case, an illegal transaction in which he was engaged in violation of law;

and that is fatal to his cause. *Finn* v. *Donahue*, 35 Conn., 216 ; *Frost* v. *Plumb*, 40 id., 111.

The plaintiff attempts to escape this conclusion by construing the replication as not admitting that the sale was made on Sunday, although it expressly admits that the alleged false representations were made and that the horse was delivered on that day. This is a construction altogether too strict. The plaintiff expressly denies the first and second defenses. Had he intended to deny the third also he would have been equally explicit. Instead of that he substantially admits it to be true. By admitting that the representations, which were the inducement to the sale, were made on Sunday, and that the delivery of the horse, which was its consummation, was on that day, with no intimation that the sale was made at any other time, he must be regarded as admitting that the sale was made on Sunday.

The suggestion that the contract was ratified and confirmed by the payment of the money on Monday, and therefore, for the purposes of this action, that it may be regarded as having been made on that day, is a mere evasion of the statute and cannot be entertained.

There is no error in the judgment complained of.

In this opinion the other judges concurred.