JENNARY U. GRANT *v.* RALPH S. PAGTER ET AL.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued May 9—decided May 21, 1947

*Alexander Winnick,* with whom, on the brief, was *Milton Rice,* for the appellant (plaintiff).

*Edward L. Reynolds,* with whom, on the brief, was *John J. Kinney, Jr.,* for the appellee (defendant Botsford).

*Irving Sweedler,* with whom, on the brief, was *Abraham S. Ullman,* for the appellee (named defendant).

ELLS, J. There was a provision in a written lease from the defendant Pagter to the plaintiff whereby the latter was given "the first option of purchasing said above described premises at the price offered by any bona fide prospective purchaser of said premises." Pagter sold the property to the defendant Botsford, and the plaintiff brought this action for damages and for a conveyance of the premises to him, based upon allegations that Pagter sold to Botsford in violation of the agreement contained in the lease and that Botsford bought with knowledge of the violation. Judgment was rendered for the defendants and the plaintiff has appealed.

The finding, with such corrections as the plaintiff is entitled to have made, presents these facts: The lease was for a term of two years from October 1, 1943. It provided for a renewal for a further period of two years, if written notice was given at least one month prior to the end of the term, and for the option to purchase quoted above. In August of 1945 a real estate broker secured a customer for the property at a price of $8200. Pagter instructed him to

give the plaintiff an opportunity to buy at that price and agreed to pay the regular commission if a sale was consummated either to the plaintiff or to the customer. The broker offered the premises to the plaintiff for $8200, but the latter refused to purchase at that price. Thereafter the customer refused to buy the property because under the terms of the lease the plaintiff had the option to renew it for a further period of two years. The plaintiff did not exercise that option on or before September 1. On September 20 the broker secured a buyer at a price of $6850, and on that date Pagter entered into an agreement of sale to the customer, the defendant Botsford, for $6850. Before he signed the contract, Pagter called the plaintiff on the telephone and told him that he had a chance to sell the property for $6850. The plaintiff replied: "I'm not interested whatsoever. I have a place out on the Milford Turnpike." A few minutes later Pagter signed the agreement with Botsford, who knew of the lease and that the plaintiff had the option to purchase the premises.

The plaintiff contends that in this conversation Pagter did not give him an opportunity to buy at the price offered by a bona fide purchaser, in accordance with the option clause contained in the lease. He argues that there must be a notice certain and definite in its terms and containing the name of the purchaser, that the plaintiff must have a reasonable opportunity to accept or reject the offer, that the offer to him must be in writing, that he must be given a reasonable opportunity to determine the bona fides of the prospective buyer, and that none of these requirements have been satisfied. He cites cases which he says support the various claims. They do not cover situations where, as here, the plaintiff said that

he had no intention to buy and was not interested. Had he said instead, "I would like to consider and investigate the matter; who is the purchaser? is he a bona fide customer?" a different situation might be presented. The defendant Pagter was entitled to act upon the assumption that the plaintiff meant what he said. The situation is analogous to cases where we have held that a party is not required to go through the idle ceremony of making a physical tender. The law does not require an act which would be a mere futility. *Tracy* v. *O'Neill*, 103 Conn. 693, 699, 131 A. 417.

There is no error.

In this opinion the other judges concurred.