STANLEY K. NYGREN ET AL. *v.* ANNA POTOCEK

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued May 6—decided June 4, 1947

*Thomas J. Birmingham,* for the appellants (plaintiffs).

*John B. Harvey,* for the appellee (defendant).

MALTBIE, C. J.   The plaintiffs, under an assignment from Jules Rebillard, are seeking specific performance or damages based upon a bond for a deed executed to him by the defendant.   The trial court rendered judgment for the defendant on the ground that the assignment was void because made on Sunday.   The plaintiffs by their claims of law made at the trial and their assignment of error raise only two points:   The first claim is that the trial court could not properly give judgment upon the ground that the assignment was invalid in view of § 5665 of the General Statutes which provides:   "No person who shall have received a valuable consideration for a contract, express or implied, made on Sunday, shall defend any action upon such contract on the ground that it was so made, until he shall have restored such consideration"; and, secondly, they contend that the defendant subsequently ratified or affirmed the assignment.

Facts necessary for the disposition of the case may be briefly stated:   The bond provided that, in addition to the initial payment by Rebillard, he should make monthly payments until the balance due on the purchase price was reduced to $1500, and he was then to give a purchase money mortgage to the defendant to secure that balance; the bond also contained a provision that if Rebillard failed to make the pay-

ments as provided in it, he should forfeit all claim to the premises and all money he had paid. He made the initial payment and certain of the periodic payments, which the defendant accepted, although they were sometimes late. He decided to sell his interest. On Sunday, March 3, 1946, at a meeting between an attorney for the named plaintiff, hereinafter called the plaintiff, and Rebillard, an assignment of the latter's interest to the former was drawn and executed, but it was dated the preceding Saturday. The assignment provided that the plaintiff would tender to the defendant the amount of the purchase price remaining due, and upon obtaining a deed, would pay Rebillard an agreed amount for the property; but if the defendant refused to give title or the plaintiff should be unable to enforce the bond by legal action, the agreement of assignment should be void. On the Sunday the assignment was made the plaintiff's attorney informed the defendant of it and told her that the plaintiff was prepared to pay the amount remaining due under the bond. The defendant refused to discuss the matter. The next day the attorney arranged with the defendant's husband that the parties would meet on March 12, 1946. On that day the plaintiff appeared, prepared to complete the transaction. The defendant also appeared but she refused to transfer the property and delivered to the plaintiff a writing in which she declared that because of certain defaults in the payments due under the bond, it was void and that she would retain the amounts paid as liquidated damages. Thereupon this action was brought.

The defendant appeared and filed an answer to the complaint, in which no claim was made that the assignment was void because made on Sunday. The

finding, read in the light of the memorandum of decision, makes it clear that the defendant did not know that the assignment was made on Sunday until that fact appeared in testimony offered by the plaintiff at the trial.

Section 5665 was enacted in 1889. Public Acts, 1889, Chap. 130. It is a reasonable assumption that it was an outgrowth of our decision in *Grant* v. *McGrath,* 56 Conn. 333, 336, 15 A. 370, where we held that an action would not lie for fraudulent representations in connection with a sale made on Sunday, and in which we cited *Finn* v. *Donahue,* 35 Conn. 216, and *Frost* v. *Plumb,* 40 Conn. 111. In the first of these cases we held that a loan made on Sunday could not be recovered, and in the second, in distinguishing a situation where recovery was sought for the death of a horse from overdriving, we held that the fact that it was hired on Sunday was immaterial, because the contract was only incidentally involved, but we pointed out as "the rule" (p. 113) that "the plaintiff cannot recover whenever it is necessary for him to prove, *as a part of his cause of action,* his own illegal contract, or other illegal transaction." The plaintiff's action is based squarely on an assignment made on Sunday. Section 5665 limited the pre-existing law by which one who had given consideration for a contract consummated on Sunday could not recover it. It applies only where an action is based upon such a contract and consideration has been received on account of it by the defendant. *Wetherell* v. *Hollister,* 73 Conn. 622, 625, 48 A. 826. The defendant in this case received nothing as a result of the assignment. The plaintiff, in equity, has no right to demand that the defendant, as a condition of claiming that the contract is void, should pay to him the

amounts which the defendant received from Rebillard. The case is not within § 5665, and the defendant could defend against the plaintiff's right to recover on the ground that the assignment was made on Sunday, without making that payment.

The only facts upon which the plaintiff can rely as amounting to an affirmation of the assignment subsequent to the Sunday on which it was made are that the defendant based her declaration that the contract was no longer in effect upon defaults made in payments due under the bond, and neither in that statement nor in her pleadings in the case did she rely on the fact that the assignment was made on Sunday. But, as regards her conduct in both respects, she acted in ignorance of that fact. It is very doubtful whether a party to a contract made on Sunday can make it effective by subsequent conduct. Thus in *Grant* v. *McGrath,* supra, it is said (p. 336): "The suggestion that the contract was ratified and confirmed by the payment of the money on Monday, and therefore, for the purposes of this action, that it may be regarded as having been made on that day, is a mere evasion of the statute and cannot be entertained." However that may be, in this case the fact that when the defendant acted she did not know that the assignment was made on Sunday precludes a conclusion that she affirmed it. See *O'Connor* v. *Metropolitan Life Ins. Co.,* 121 Conn. 599, 609, 186 A. 618.

We have less reluctance in concluding that the trial court was right in holding that the plaintiff cannot recover, because that decision brings into operation the provision in the assignment that it is to be void if the plaintiff cannot enforce the bond by legal action, and Rebillard has all the rights un-

der the bond he would have had, if the assignment had not been made.

There is no error.

In this opinion the other judges concurred.