OLIVER ARSENAULT ET AL. *v.* GENERAL
ELECTRIC COMPANY

SUPERIOR COURT          FAIRFIELD COUNTY          FILE No. 104178
                        AT BRIDGEPORT

Memorandum filed September 9, 1958

*Gruber & Turkel,* of Stamford, for the plaintiffs.

*Marsh, Day & Calhoun,* of Bridgeport, for the defendant.

#### FIRST GROUND OF DEMURRER

COMLEY, J.   This ground of demurrer is based chiefly upon the claim that, since none of the plaintiffs is "a party to a written agreement for arbitration" within the meaning of § 8153 of the General Statutes, they have no standing to make application to the Superior Court for an order directing the defendant to proceed with arbitration.   Judge Troland, in his memorandum of decision on the demurrer to the original application, overruled this claim. *Arsenault* v. *General Electric Co.,* 20 Conn. Sup. 413.

There is nothing in the amended complaint or in the present demurrer which changes this aspect of the case. It is true that the defendant now cites several recent cases from other jurisdictions which oppose Judge Troland's ruling, and it calls attention to a persuasive discussion in Gregory, Labor & the Law (2d Rev. Ed.) pp. 491-494.

However, in addition to this court's reluctance to disturb the ruling of another judge, there is the recent case of *Gilden* v. *Singer Mfg. Co.*, 145 Conn. 117, decided March 4, 1958. Although in that case there is no discussion of the question whether the plaintiff was a party to the contract within the meaning of the statute, the decision necessarily implies that he was, for otherwise the court would have had no power to entertain his application. Moreover, on page 118, he is described as "a beneficiary of the contract" and, by necessary inference, is recognized as a third-party beneficiary.

The first ground of demurrer is overruled.

### SECOND GROUND OF DEMURRER

This ground of demurrer is based upon the proposition that the plaintiffs have failed to allege that they have completed the three steps of the "Grievance Procedure" specified in article XIII of the contract and that the right to arbitration provided for in article XV comes into existence only as to a "grievance which remains unsettled after having been fully processed." Judge Troland sustained this ground of demurrer to the original complaint. This court would regard that ruling as final except for the fact that the complaint has been radically amended to bring into the picture many facts, admitted by the present demurrer, which were not alleged in the original complaint and were not before Judge Troland. In paragraphs 8, 9, 10, 13, 14 and 15 there are many averments as to failure of the union and its

officers to protect and safeguard the plaintiffs' rights by properly processing their grievances through the three steps required by the contract as a condition precedent to arbitration. Whether or not any default on the part of the union in its duties to the plaintiffs is now a sufficient excuse for their failure to process their grievances completely, it is not now necessary to decide. For there is another allegation contained in the amended complaint which, in the view of the court, does excuse that failure. That is in paragraph 11 and reads as follows: "At this meeting the defendant advised the plaintiffs in substance that the suspensions would stand and that it would be futile for the plaintiffs to pursue any further steps under the grievance procedure because its position was final and not subject to change."

It is axiomatic that the law does not require the performance of a futile and unnecessary act. *Grant* v. *Pagter*, 133 Conn. 646, 649; *Tracy* v. *O'Neill*, 103 Conn. 693, 699. By its demurrer the defendant has admitted that it told the plaintiffs that any further steps in the processing of their grievances would be useless and that it would not alter its position. The plaintiffs were entitled to act on the assumption that the defendant meant just that. *Grant* v. *Pagter*, supra. Thus the present complaint is not defective, as was the original, because of the plaintiffs' failure to allege the complete processing of their grievances.

### THIRD GROUND OF DEMURRER

This ground of demurrer rests upon the claim that article XV of the contract, by express language, confers the right to arbitration only upon the union or the company. Section 1 of that article provides that a grievance "shall be submitted to arbitration upon written request of either the Union or the Company," and § 2(a) provides that "within 10 days following a written request for arbitration of a

grievance, the Company or the Union may request the American Arbitration Association to submit a Panel of names from which an arbitrator may be chosen."

In *Gilden* v. *Singer Mfg. Co.*, 145 Conn. 117, the court had before it a contract which provided: "After the receipt of a decision, if the *aggrieved party* or the Union does not take the grievance to the next higher Step or to arbitration . . . . , the grievance shall be deemed to have been settled and shall not be subject to further appeal or to arbitration" (italics supplied). The court held that this reference to the right of the aggrieved party to arbitration was sufficient to confer that right upon an individual employee even though another clause in the contract provided that a grievance "may be taken either by the Union or the Company to arbitration."

In the contract now before this court there is no language such as that in the *Gilden* case, supra, to indicate that the parties intended to confer the right to arbitration on the aggrieved party. That right is expressly reserved only to the company or the union. This ground of demurrer is well taken, as pointed out by Judge Troland.

The first and second grounds of demurrer as to all the plaintiffs are overruled. The third ground of demurrer as to all the plaintiffs is sustained.