DONALD VACHON *v.* ANDREW P. TOMASCAK ET AL.

KING, C. J., ALCORN, HOUSE, COTTER and RYAN, Js.

Argued April 7—decided May 3, 1967

*Harry Cohen,* for the appellant (plaintiff).

*David S. Grossman,* with whom, on the brief, was *J. H. Macomber, Jr.,* of the Vermont bar, for the appellees (defendants).

House, J. There is no dispute between the parties about the facts in this case as found by the trial court. The errors claimed are in the conclusions reached by the court.

On Sunday, November 3, 1963, the defendants signed a memorandum of agreement to sell a tract of land to the plaintiff for $3000, $50 being paid then and the balance to be paid on or before December 15, 1963. The memorandum contained all the elements necessary to satisfy the Statute of Frauds. On Sunday, December 15, the plaintiff visited the defendants and informed them that, owing to his financial circumstances, he had been unable to complete the transaction, and he requested an extension of time for performance of the agreement. Both of

the defendants orally consented to the requested extension, and the next day, Monday, December 16, the plaintiff returned and paid an additional $50 toward the $3000 purchase price. Simultaneously, the defendants executed and delivered to him another signed memorandum, dated December 16, reading: "Extension of original agreement for 3 months (March 15, 1964) on Mr. Andrew Tomascak land located on Pumpkin Hill Rd. New Milford, Conn. Deposit of $50.00 was given and another $50.00 for extension. Total of $100.00. A balance of $2900.00 to be paid on or before March 15, 1964."

On February 13, 1964, the defendants by their attorney notified the plaintiff that they were no longer willing to sell the land to him and tendered a refund of the $100 he had paid. The plaintiff refused to accept the refund and through his attorney requested that the defendants prepare a warranty deed for which the plaintiff would deliver a certified check for $2900. The plaintiff was then and thereafter ready, willing and able to perform his part of the agreement and had funds deposited with his attorney for payment of the balance of the purchase price. The defendants refused to deliver the deed to the plaintiff, and he thereupon brought this suit, claiming a decree for a conveyance of the subject premises. The complaint alleged the original, November 3, 1963, agreement, the December 16 "extension" of the agreement, the tender of the $2900 to the defendants "pursuant to said agreements" and the defendants' refusal to convey the land to him. In response to a motion for oyer, the plaintiff filed copies of both the agreement of November 3 and that of December 16. The defendants filed special defenses, alleging that the November 3, 1963, agreement was illegal and unenforceable

because it was made on a Sunday "in violation of Section 52-207 of the Connecticut General Statutes" and that "the agreement dated December 16, 1963, was actually made on December 15, 1963, which was a Sunday" and hence that agreement was also illegal and unenforceable for the same reason. A third special defense involving a question of agency was abandoned. Parenthetically we note that § 52-207 does not prohibit secular business on a Sunday but provides that no person who has received a valuable consideration for a contract made on Sunday shall defend any action upon such a contract on the ground that it was so made until he has returned the consideration.

At the trial, the plaintiff specifically claimed that the December 16 agreement constituted a new contract which was not in violation of General Statutes § 53-300, which does prohibit the doing of secular business on a Sunday, and that his complaint set forth sufficient allegations to support a judgment in his favor for specific performance of that agreement.

The court concluded that the original, November 3, agreement was unenforceable because it was made on a Sunday, that the agreement between the parties dated December 16 constituted an extension of time for the performance of the original contract and was "an amendment thereto" and that this action was brought on the contract entered into on November 3, 1963, as amended. Basic to the court's judgment for the defendants was its further conclusion that "[t]he agreement between the parties dated December 16, 1963, contained all of the same terms and conditions as the original agreement dated November 3, 1963, excepting only the date of performance and was not a new contract but a modifica-

tion of the original one." The plaintiff claims that the court committed error in reaching this conclusion and in overruling his claims of law.

The nomenclature employed by parties to describe an instrument cannot change the essential character of that instrument. The December 16 agreement although described as an extension did in fact constitute a new contract between the parties pursuant to which, for a consideration of $50, then paid, the defendants agreed to convey premises upon the payment of an additional $2900 on or before March 15, 1964. This agreement, having been concluded on a secular day, was free of the invalidity which tainted the November 3 Sunday contract. There is no objection to making, on a secular day, a new contract the terms of which had previously been negotiated on a Sunday even though it incorporated by reference the provisions of the earlier agreement as a part of the new contract. *Tyler* v. *Waddingham,* 58 Conn. 375, 394, 395, 20 A. 335; *Frost* v. *Plumb,* 40 Conn. 111, 113; see 6 Williston, Contracts (Rev. Ed.) § 1707; 50 Am. Jur. 839, Sundays and Holidays, § 44. "[T]he parties to any contract, if they continue interested and act upon a sufficient consideration while it remains executory, may by a new and later agreement rescind it in whole or in part, alter or modify it in any respect, add to or supplement it, or replace it by a substitute." 17 Am. Jur. 2d 924, Contracts, § 459.

It is no impediment to the enforcement of the later contract that, in order to resist an attack on its validity because of the provisions of the Statute of Frauds, reference is made to another written agreement which is itself unenforceable. "The written memorandum required by the statute of frauds does not even need to be comprised in a

single document, nor is it necessary that it should be drawn up in any particular form." *Burns* v. *Garey,* 101 Conn. 323, 329, 125 A. 467. The memorandum required by the statute is sufficient if it states the contract between the parties with such certainty that the essentials of the contract can be determined from the memorandum itself without the aid of parol proof, either by direct statement or by reference therein to some other writing or thing certain. *Marsico* v. *Kessler,* 149 Conn. 236, 237, 178 A.2d 154; *Garre* v. *Geryk,* 145 Conn. 669, 672, 145 A.2d 829; *Shelinsky* v. *Foster,* 87 Conn. 90, 96, 87 A. 35. The court expressly found that the original memorandum of agreement, whose terms were altered by the later agreement only as to time for performance and payment of consideration, was sufficient to satisfy the requirements of the statute. This conclusion was wholly unattacked.

Nor do we find merit in the further claim of the defendants that they were entitled to judgment on the ground that the plaintiff did not make a valid tender of performance sufficient to entitle him to a decree of specific performance. The defendants by their attorney had already notified the plaintiff by registered mail that they were no longer willing to sell the land to him. They refused to deliver the deed to the plaintiff. The plaintiff was entitled to act on the assumption that this representation was correct. "[A] party is not required to go through the idle ceremony of making a physical tender. The law does not require an act which would be a mere futility. *Tracy* v. *O'Neill,* 103 Conn. 693, 699, 131 A. 417." *Grant* v. *Pagter,* 133 Conn. 646, 649, 53 A.2d 380; see *Federal Finance Co.* v. *Forman Properties, Inc.,* 135 Conn. 153, 158, 62 A.2d 516; *Romanoff* v. *DeSanto,* 101 Conn. 504, 511, 126 A. 694.

We conclude that the plaintiff was entitled to the relief which he sought by way of a decree for specific performance of the December 16, 1963, agreement.

There is error, the judgment is set aside and the case is remanded with direction to render judgment for the plaintiff in accordance with this opinion.

In this opinion KING, C. J., and RYAN, J., concurred.

COTTER, J. (dissenting). The plaintiff alleged, the defendants admitted, and the trial court found that the transaction of December 15–16 was an extension, for consideration, of the original agreement entered into on November 3. Therefore the plaintiff's basic cause of action must rest on the original agreement, as extended.

The word "extension," as expressed in the instrument, has a clear and definite meaning which is capable of a precise and sensible application. *Trumbull Electric Mfg. Co.* v. *John Cooke Co.*, 130 Conn. 12, 16, 31 A.2d 393. We are bound to regard the intent which the parties expressed in the language used in the extension agreement. The frequency of the use of the word "extension" was not accidental. *Dorne* v. *Williams*, 140 Conn. 193, 200, 98 A.2d 796.

"If the language used is plain and unambiguous, it must be given its natural and ordinary meaning. . . . The effect of the contract must be determined by the intent expressed in it and not by an extraneous intent which may be claimed or believed to have been in the minds of the parties." *Leathermode Sportswear, Inc.* v. *Liberty Mutual Ins. Co.*, 150 Conn. 63, 66, 186 A.2d 79; 17 Am. Jur. 2d, Contracts, §§ 241, 245. Since the language here was supplied

by the plaintiff, it must be construed most strongly against him. *Beach* v. *Beach,* 141 Conn. 583, 593, 107 A.2d 629. Courts must allow parties to make their own contracts. *Connecticut Union of Telephone Workers, Inc.* v. *Southern New England Telephone Co.,* 148 Conn. 192, 201, 169 A.2d 646.

The court found as facts that on Sunday, December 15, 1963, the plaintiff visited the defendants and informed them that owing to his financial circumstances he had been unable to complete the deal and requested an extension, that both of the defendants orally consented to the extension requested by the plaintiff, and that on the following day, Monday, December 16, the plaintiff returned to the defendants' residence with the written memorandum, which was then executed. The court concluded that this agreement constituted an extension of time for the performance of the original contract.

Connecticut law is clear that a contract executed on Sunday is void, and, where proof of the illegal transaction is necessary, it is fatal to the plaintiff's cause. *Grant* v. *McGrath,* 56 Conn. 333, 335, 15 A. 370; *Finn* v. *Donahue,* 35 Conn. 216. Furthermore, our court has stated the rule to be that "the plaintiff cannot recover whenever it is necessary for him to prove, *as a part of his cause of action,* his own illegal contract, or other illegal transaction." *Frost* v. *Plumb,* 40 Conn. 111, 113 (cited with approval in *Nygren* v. *Potocek,* 133 Conn. 649, 652, 54 A.2d 258). These cases prohibit the enforcement of, or the reliance on, a void Sunday agreement, and we are bound by the law stated therein unless we overrule established precedent and decide that a recognition, on a secular day, of a void Sunday contract is enough upon which to predicate a cause of action.

In this opinion ALCORN, J., concurred.