[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM DATED JANUARY 18, 1996
The plaintiff, Anthony R. Ferrigno, trustee of Treeland Employees Profit Sharing Plan Trust, instituted this foreclosure action on September 13, 1988, against the defendants. Cromwell Development Associates, a partnership, and its individual partners: Richard L. Sandefur, the managing partner; Maynard A. Selmon; Anthony R. Ferrigno; Jane E. Miller; Janice S. Miller; Elliot Miller; Philip Gaynes; Steven Chernock, Sr., acting for Dram Realty a/k/a Dram Associates, a partnership; Steven Chernock, Jr.; and John R. Chernock. The note, which provided for an interest rate of 18 percent, was payable on June 25, 1982. The plaintiff contends that after the defendants defaulted on the note, a subsequent oral and written agreement increased the interest rate to twenty percent. Strict foreclosure entered on April 26, 1995, but was opened on September 27, 1995. Thereafter, the court again entered judgment and set October 24, 1995 as the law day for the defendants. The defendants failed to redeem on their law day, and title to the premises vested in the plaintiff on October 27, 1995. The plaintiff filed a motion for deficiency judgment on November 14, 1995. The defendants object.
General Statutes § 49-14(a) provides in relevant part that "[a]t any time within thirty days after the time limited for redemption has expired, any party to a mortgage foreclosure may file a motion seeking a deficiency judgment . . ." In his motion for deficiency judgment, the plaintiff alleges that the deficiency is $456,087.12.
The defendants claim that a deficiency judgment is barred by the usury statute, general statutes § 37-4. The plaintiff CT Page 1085 claims that the defense is not available in this matter because the defendants are members of a partnership, and therefore, are barred from claiming usury as a defense pursuant to General Statutes § 37-9.
 I
Section "37-4 prohibits the loaning of money to any person at an interest rate greater than 12 percent per year and General Statutes § 37-8 prohibits actions to recover `principal or interest of any loan prohibited' by General Statutes § 37-4."Maresca v. DeMatteo, 6 CONN. L. RPTR. 691, 695, 506 A.2d 1096
(1986). The defendants did not raise usury as a defense in the foreclosure action.[1] This does not render their claim of usury untimely since "the deficiency judgment procedure is the functional equivalent of a suit upon a note, to which the usury statute [applies.]" Id., 696. Therefore, usury is a defense in a deficiency judgment proceeding." Id.; see also Atlas RealtyCorporation v. House, 120 Conn. 661, 670, 183 A. (1936).
General Statutes (Rev. to 1995) § 37-9 provides that the usury provisions "shall not affect: . . . (4) any loan made to a foreign or domestic corporation, general or limited partnership
or association organized for a profit or any individual, provided such corporation, partnership, association or individual is engaged primarily in commercial, manufacturing, industrial or nonconsumer pursuits and provided further that the funds received by such corporation, partnership, association or individual are utilized in such entity's business or investment activities and are not utilized for consumer purposes and provided further that the original indebtedness to be repaid is in excess of ten thousand dollars . . ." (Emphasis added.) However, not until 1981 were partnerships added to the entities to whom loans were exempted from the defense of usury; Public Act No. 81-267; a partnership had not previously been barred from claiming a usury defense. See General Statutes (Rev. to 1981) § 37-9.[2]
 II
Firstly, the court must resolve whether the 1981 public act applies to this transaction, not because that act is retrospective, but because of a subsequent agreement between the parties. Public Act No. 81-267 became effective on October 1, 1981, pursuant to § 2-32,[3] after the date the original note in this action was signed but before a subsequent agreement CT Page 1086 relating to the note. The defendants argue that the note was usurious when it was entered into by the parties, that the amendment to General Statutes § 37-9 brought about byPublic Act No. 81-267 does not apply to the transaction, and that a subsequent agreement between the parties, after the effective date of the amendment, increasing yet further the interest rate does not validate the note. The plaintiff argues that the statute in effect at the time of the modification to the original note or, in the alternative, at the time the motion for deficiency judgment was filed, should apply.
"`The parties to any contract, if they continue interested and act upon a sufficient consideration while it remains executory, may by a new and later agreement rescind it in whole or in part, alter or modify it in any respect, add to or supplement it, or replace it by a substitute.' 17 Am.Jur.2d 924, Contracts, 459." Vachon v. Tomascak, 155 Conn. 52, 56, 230 A.2d 5
(1967). "If a transaction is usurious from its inception, all renewals of the transaction are likewise usurious. The usurious taint of the original agreement is purged only where the parties abandon the original agreement and execute a new contract for the amount of the principal, completely free from the usurious interest and carrying only a legal interest rate." 4 Eisenberg, Theodore, Debtor-Creditor Law, § 16.04, p. 16-48 (1989): see also 45 Am.Jur.2d, Interest and Usury, § 247-52, pp. 189-94.
In its decision of April 26, 1995, granting the plaintiffs motion for judgment of foreclosure, the court found "that the parties entered into a modification agreement changing the rate of interest from eighteen percent to twenty percent for the unpaid balance as of May 25, 1982." The original note, therefore, between the parties was not rescinded. The note was usurious at its inception, and remained usurious after it was modified although General Statutes § 37-9 was amended, unless that amendment applies retrospectively.
 III
"The determination of whether a statute is retrospective presents a question of legislative intent, and where there is no specific provision to that effect, the question becomes one of presumed intent. Jones Destruction, Inc. v. Upjohn, 161 Conn. 191,195 (1971). Here, Public Act No. 81-267 does not address the question of retrospective application. "General statutes 1-1(u) provides that `[t]he passage or repeal of an act shall not affect CT Page 1087 any action then pending.' [Our appellate courts] have construed that provision to mean that `[s]tatutes should be construed retroactively only when the mandate of the legislature is imperative.' Adamchek v. Board of Education, 174 Conn. 366, 369,387 A.2d 556 (1978), quoting Michaud v. Fitzryk, 148 Conn. 447,449, 171 A.2d 397 (1961); see New Haven v. Public UtilitiesCommission, 165 Conn. 687, 726, 345 A.2d 563 (1974); Little v.Ives, 158 Conn. 452, 457, 262 A.2d 174 (1969)." Sherry v. ProbateCourt, 177 Conn. 93, 100, 411 A.2d 931 (1979). Thus, "[t]here is a general presumption that a statute affecting substantive rights is intended to apply prospectively only." Nagle v. Wood,178 Conn. 180, 187, 423 A.2d 875 (1979). It is "the accepted principle of statutory construction that a statute affecting substantive rights is to be applied only prospectively unless the legislature clearly and unequivocally expresses its intent that the legislation shall apply retrospectively." Turner v. Turner,219 Conn. 703, 712, 595 A.2d 297 (1991).
Although the addition of partnerships to General Statutes § 37-9 may be said only to have added other forms of business entities to those already barred under certain circumstances from claiming usury as a defense, that addition brought about a substantive, and substantial, change in the statute. Therefore, the amendment is not retrospective. See Gormley v. StateEmployees Retirement Commission, 216 Conn. 523, 582 A.2d 764
(1990); Neiditz v. Morton S. Fine Associates, Inc., 199 Conn. 683,691-92, 508 A.2d 438 (1986); State ex rel. Judson v. CountyCommissioners, 68 Conn. 16, 35 A. 801 (1896); Smith v. Lyon,44 Conn. 175, 178 (1876): Anderson v. Schieffer, 35 Conn. App. 31, 39
(1994). The version of General Statutes § 37-9 which was effective on the date the parties signed the promissory note is applicable. Public Act No. 81-267 is inapplicable to the parties' note, which was signed before the act's operative date, Therefore, usury is a valid defense to the plaintiff's motion for a deficiency judgment.
For this reason, the motion for deficiency judgment is denied.
LEVIN, J.