## Oliver Arsenault et al. *v.* General Electric Company

Superior Court      Fairfield County      File No. 104178

Memorandum filed December 17, 1957.

*Gruber & Turkel,* of Stamford, for the plaintiffs.

*Marsh, Day & Calhoun,* of Bridgeport, for the defendant.

Troland, J. This is an application by former employees of the defendant, who have been discharged, for an order directing the defendant to proceed with arbitration of their claimed grievances in accordance with a collective bargaining agreement between the

General Electric Company and the International Union of Electrical Radio and Machine Workers, C.I.O, and its affiliated Local 203. Said agreement covers the wages, rates of pay, hours of employment and conditions of employment of all employees of the defendant company at its Bridgeport plant.

Article XV of said agreement provides for arbitration of grievances in part as follows: "1. Any grievance which remains unsettled after having been fully processed pursuant to the provisions of Article XIII, and which involves either, (a) the interpretation or application of a provision of this Agreement, or (b) a disciplinary penalty (including discharge) imposed on or after the effective date of this Agreement, which is alleged to have been imposed without just cause, shall be submitted to arbitration upon written request of either the Union or the Company, provided such request is made within 30 days after the final decision of the Company has been given to the Union pursuant to Article XIII, Section 2(c). For the purpose of proceedings within the scope of (b) above, the standard to be applied by an arbitrator to cases involving disciplinary penalties (including discharge) is that such penalties shall be imposed only for just cause. . . ."

The application of the plaintiffs contains no allegation that a written request for arbitration has been made by either the union or the company, as provided in the above-quoted section of the agreement.

The defendant has demurred on three grounds. Briefly stated they are (1) that it is not alleged that the plaintiffs are parties to a written agreement for arbitration, that it appears they are not parties to any such agreement, and that this application is based on a general statute (§ 8153) which limits the right to make such application to "a party to a written agreement for arbitration"; (2) that it does

not appear that the grievances of the plaintiffs have been fully processed under the provisions of the agreement, as required prior to arbitration thereunder; and (3) that under the agreement only the union or the company may require a grievance to be submitted to arbitration, and that plaintiffs as individuals have no rights to have any grievance submitted to arbitration.

The plaintiffs claim that their application is not subject to a demurrer, on the ground that the statute (§ 8153) provides: "The parties shall be considered as at issue on the allegations of the complaint unless the defendant shall file answer thereto within five days from the return day . . . ." The defendant has filed answer as required by the statute. Its answer is a challenge to the legal sufficiency of the complaint, maintaining that as a matter of law the plaintiffs are not entitled to the remedy sought on their allegations. This answer, in accordance with established practice, is entitled "demurrer," and is proper and permitted under the statute.

On the first question as to whether the plaintiffs are "parties to a written agreement," many cases have been cited from various jurisdictions in which it has been held that employees of a company, working under an agreement negotiated between their employer and a labor organization, are not "parties to the contract." Without citing these cases, the court is of the opinion that such a construction is too narrow and not valid under long-established principles. We are dealing with a collective bargaining agreement, negotiated by and between the General Electric Company and the International Union of Electrical, Radio and Machine Workers, C.I.O., acting for itself and in behalf of listed I.U.E. (C.I.O.) locals certified as collective bargaining representatives of company employees. The company thereunder recognizes the union as the "exclusive bargaining representative of

employees" in respect to rates of pay, wages, hours of employment and other conditions of employment.

The power of the bargaining representative designated by the majority of the employees in an appropriate unit is derived from sections 8(a)(5) and 9(a) of the Labor Management Relations Act. 61 Stat. 141, 143, 29 U.S.C. §§ 158 (a) (5), 159 (a) (1952). A union so designated becomes "the exclusive [representative] of all the employees in such unit." The relation of the union to the employees is one of agency. The union acts on their behalf. The employer in bargaining with the union has notice that the union is acting for the employees, whose identity as a group, if not as individuals, is fully disclosed. The fact that their names do not appear in the contract does not prevent the employees from being unnamed principals under the contract and thus "parties." This is in accordance with the policy of the federal act, which compels employers to bargain collectively with their employees. The union as a legal entity is bound by the contract, and the employees, whose collective bargaining agent is the union, are also bound by its terms. They are not named as individuals, but each and every employee for whom the union has conducted the collective bargaining negotiations is an unnamed principal, the real party in interest for every benefit conferred, as well as for every burden assumed under the contract ultimately agreed on and signed by the employer and the collective bargaining agent of the employees. The fact that the union, as a legal entity, under the contract also secures benefits and also binds itself to burdens does not change the primary purpose of the instrument.

The first ground of demurrer is thus believed to be not well taken.

However, the employees are bound by the agreement and so if by its terms it provides for an adjust-

ment of their grievances, including arbitration, they are bound to abide by such terms. The adjustment of the individual grievance must not be inconsistent with the terms of the collective bargaining contract or agreement in effect. The agreement in this case creates, as a result of collective bargaining, a relationship between the employer and the union involving the day-to-day administration of the collective agreement. The processing of grievances beyond the first step is reserved to the union, and the company and the union are alone granted the right to request arbitration. See Articles XIII and XV of the agreement. Thus the company and the union are the only parties to the agreement entitled to apply to this court for an order directing the parties to proceed to arbitration in compliance with their agreement. General Statutes § 8153.

The demurrer is sustained on the second and third grounds stated therein.

Rules of law supporting the decision herein are discussed at length in Cox, "Rights under a Labor Agreement," 69 Harv. L. Rev. 601; note, "Rights of Individual Workers in Union-Management Arbitration Proceedings," 66 Yale L.J. 946; and *Textile Workers Union* v. *Lincoln Mills,* 353 U.S. 448.