THOMASTON SAVINGS BANK *v.* EUGENE O. WARNER
ET AL.

INGLIS, C. J., BALDWIN, O'SULLIVAN, WYNNE and DALY, Js.

Argued October 4—decided November 27, 1956

*Donald L. Rome,* for the appellant (defendant The J. J. Miller Construction Company).

*Emil A. Petke,* for the appellees (defendants Eugene R. Warner et al.).

INGLIS, C. J. This is an appeal from a judgment of strict foreclosure of a first mortgage. The question is whether the trial court erred in its determination of priorities among subsequent incumbrances, particularly between a mortgage to Eugene R. Warner and Dorothy M. Warner and a mortgage to The J. J. Miller Construction Company.

The court found the following facts: On May 31, 1952, Eugene R. Warner and his wife, Dorothy M. Warner, conveyed the property which is being foreclosed to their son, Eugene O. Warner, for a purchase price of $12,500. Six thousand dollars of the purchase money was raised by the son's giving a mortgage for that sum to the Thomaston Savings Bank. This mortgage is the one that is now being foreclosed. Five hundred dollars of the purchase price was satisfied by the assumption of a mortgage for that amount to Ralph G. Warner. This mortgage was immediately released and then rewritten so as to give priority over it to the mortgage to the savings bank. The balance of the purchase price, $6000, was carried as an unsecured indebtedness of Eugene O. Warner to his father and mother. The warranty deed from Eugene R. Warner and Dorothy M. Warner to their son and the mortgage deeds from him to the savings bank and to Ralph G. Warner were all recorded in the Thomaston land records on June 19, 1952. Eugene O. Warner expected to raise the $6000 balance on the purchase price in part by selling other property owned by him, in part by the sale of building lots from the property in question, and in part by obtaining a larger mortgage from the savings bank. These expectations, however, were not realized and, in the fall of 1953, no payments having been made, the parents requested their son to secure his $6000 obligation by giving them a mortgage on

the property. Accordingly, on November 14, 1953, he signed a promissory note payable on demand, without interest, to his parents and executed a mortgage to them. The mortgage deed, which was recorded in the Thomaston land records on November 18, stated that the conveyance of the land was "for the consideration of Six Thousand ($6000.00) Dollars received to [the grantor's] full satisfaction of Eugene R. Warner and Dorothy M. Warner." The defeasance clause stated in part: "The Condition of this Deed is such, that whereas the said grantor is justly indebted to the said grantee in the sum of Six Thousand ($6000.00) Dollars as evidenced by [the grantor's] promissory note for Six Thousand ($6000.00) Dollars of even date herewith, payable to said grantee or order payable on demand and without interest." Eugene O. Warner did not receive $6000 from his parents at the time the note and the mortgage were executed. The consideration for the note was his pre-existing indebtedness for the balance of the purchase price of the property. On June 23, 1954, he quitclaimed the property to his wife, Barbara. She mortgaged the property on July 28, 1954, to the defendant The J. J. Miller Construction Company to secure an indebtedness of $7531.20. On May 9, 1955, she gave a bond for a deed of the property to another defendant, Wallace Gallop.

On the foregoing facts, the trial court concluded that the mortgage from Eugene O. Warner to Eugene R. Warner and Dorothy M. Warner disclosed the real nature of the transaction with reasonable certainty so as to be valid against, and prior to, the mortgage from Barbara A. Warner to The J. J. Miller Construction Company. That company, which has appealed, contends that the court's conclusion was not warranted. It rests its contention on the

claim that the mortgage deed to Eugene R. and Dorothy M. Warner was invalid as against subsequent incumbrances because it did not accurately set forth the transaction in that it did not state that the consideration was an antecedent debt and when the debt secured by the mortgage would become due.

The law controlling the decision of the case has been firmly established in this state by a long line of decisions, the most recent of which is *Sadd* v. *Heim,* 143 Conn. 582, 124 A.2d 522. In that case we said (p. 585), with reference to the question whether a mortgage is valid as against subsequent incumbrances: "The real nature of the transaction must, so far as possible, be disclosed by the record with reasonable certainty. . . . The condition in a mortgage deed must be so drawn that, when spread upon the record, it will give reasonable notice of the nature and amount of the incumbrance which the mortgagor intends to place upon the land." When this principle is applied to the facts of this case, it is apparent that the defeasance clause in the mortgage to Eugene R. and Dorothy M. Warner did accurately describe the nature of the indebtedness secured by it. It recites that the mortgagor "is" indebted to the mortgagees. The true situation was that the mortgagor was indebted to the mortgagees at the time the mortgage was executed. It is immaterial whether that indebtedness was created at the very instant the mortgage was executed or had been in existence for some time before that time. In either event the indebtedness was then in existence.

It is true, as pointed out by the construction company, that the mortgage deed states that the conveyance was in consideration of $6000 received to the full satisfaction of the mortgagor. That, however, is to be construed as indicating merely that there was

some valuable consideration for the conveyance. A subsequent incumbrancer looking at the mortgage as a copy of it appeared in the land records would not be concerned with the recital of what the consideration for the conveyance was. So long as some consideration was recited, the conveyance of title was valid. The subsequent incumbrancer should, rather, be concerned with the condition of the conveyance as recited in the defeasance clause.

The further contention that the mortgage did not state when the note secured by it would have to be paid is also without merit. Aside from the fact that the record does not disclose that this contention was made in the trial court, the law is well settled that the time when a note payable on demand becomes due and payable is immediately upon its delivery. *Curtis* v. *Smith,* 75 Conn. 429, 431, 53 A. 902; *Savings Bank* v. *Weed,* 121 Conn. 414, 419, 185 A. 571. Consequently, the recital in a defeasance clause that the note to be secured by the mortgage is payable on demand is as definite a statement of the date of maturity of a note payable on demand as the circumstances permit. If the contention of the construction company were sound, it would be impossible to draft a mortgage designed to secure the payment of a demand note which would be valid against subsequent incumbrancers.

It follows that the court's conclusion that the mortgage to Eugene R. Warner and Dorothy M. Warner was entitled to priority over that to The J. J. Miller Construction Company was correct.

There is no error.

In this opinion the other judges concurred.