The State National Bank of Connecticut *v.*
Jack R. Dick et al.

House, C. J., Shapiro, Loiselle, MacDonald and Bogdanski, Js.

Argued February 6—decided March 21, 1973

*George W. Scott, Jr.,* with whom were *Edwin J. O'Mara, Jr.,* and, on the brief, *Brian T. O'Connor,* for the appellant-appellee (plaintiff).

*Sidney Vogel,* for the appellees-appellants (named defendant et al.).

BOGDANSKI, J.   In this action the plaintiff, State National Bank of Connecticut, sought a foreclosure of a mortgage on three parcels of land which were owned by the defendants Jack R. Dick and Lynda Dick and contained 21.914 acres located off Round Hill Road in Greenwich.  From a judgment rendered for those defendants, hereinafter called the defendants, the plaintiff has appealed to this court, and the defendants have filed a cross appeal.

In its first assignment the plaintiff claims error in the court's refusal to find four paragraphs of its draft finding, asserting that these paragraphs have been found in the court's finding in the cross appeal and are also either admitted or undisputed. We find merit to this claim and the requested additions are granted. The plaintiff's second assignment alleges error in the court's refusal to find eleven paragraphs of its draft finding, on the ground that they were either admitted or undisputed. In connection with this assignment of error, we examine the pleadings, the evidence as printed in the appendices to the briefs, and the exhibits introduced into evidence and certified to this court. The exhibits so certified do not become a part of the finding but are available in a proceeding to correct it. See *Goldblatt* v. *Ferrigno,* 138 Conn. 39, 42, 82 A.2d 152. On examination, we find that the plaintiff's exhibit G and the defendants' exhibit 9 are both material to this assignment of error. Exhibit G is the plaintiff's letter of commitment, dated January 14, 1969, setting forth the terms of the $500,000 mortgage loan as being on demand with interest at "½% above our prime, which rate shall be adjusted from time to time based upon any fluctuation in the rate," and secured by a mortgage of property at Round Hill Road, Greenwich, consisting of approximately twenty-two acres. The commitment was accepted, approved and signed by the defendants. The defendants' exhibit 9 is a liability ledger clearly showing that they were charged for and did pay for each increase in the floating interest rate on a previous $300,000 unsecured loan and the $500,000 secured loan from August 30, 1968, through December 12, 1969. This evidence clearly establishes that the requested paragraphs were either admitted or that

their truth was undisputed and they are, therefore, added to the finding. *Brauer* v. *Freccia,* 159 Conn. 289, 290, 268 A.2d 645. In its third assignment the plaintiff alleges error in finding three paragraphs in language of doubtful meaning so that their real significance does not clearly appear. We find these requested corrections to be immaterial. Immaterial corrections are not made. *Brauer* v. *Freccia,* supra, 293. In view of our ruling on the third assignment of error, the plaintiff's fourth assignment of error need not be considered.

In the cross appeal the defendants allege error in the court's refusal to find facts set forth in four paragraphs of their draft finding which, they claim, were admitted or undisputed. We find that the first and third of these paragraphs should be included, that the second is immaterial, and that the fourth should be denied. The defendants' second assignment of error challenges the court's finding of a portion of paragraph eight which reads, "nor does she possess any interest in the premises described in plaintiff's Exhibit I." This finding is supported by the evidence in the plaintiff's appendix. The remaining assignments of error in both appeals challenge certain conclusions of the court and claim error in the overruling of their claims of law.

The issues pressed in these appeals are whether the court erred (1) in concluding that the evidence established a valid oral agreement postponing the time within which the bank could demand payment of the mortgage loan; (2) in concluding that the bank's mortgage was in all respects a valid lien; and (3) in failing to rule on the defendants' claim that provisions of the Uniform Commercial Code were a bar to the present foreclosure action.

The finding of facts, as corrected, can be sum-

marized as follows: The defendants own three parcels of land containing 21.914 acres, with buildings and improvements thereon, located off Round Hill Road in Greenwich. On August 30, 1968, the plaintiff loaned the defendants $300,000 on an unsecured basis. Between August 30, 1968, and February 26, 1969, while this loan was outstanding, the plaintiff's prime interest rate increased on three occasions and the defendants were notified of each increase. Upon each such notice, the defendants paid, without objection, the interest at the increased rate. As an alternative to the immediate payment of this loan and in exchange for an additional loan of $200,000, the defendants agreed to secure a new loan of $500,000 by a mortgage on the 21.914 acres at Round Hill Road. The terms and conditions of this new loan were contained in a letter of commitment sent to the defendants on January 14, 1969. They agreed to these terms by returning a signed copy of this letter to the bank. The relevant terms and conditions of this loan, as accepted and approved by the defendants, were as follows: "Amount: $500,000.00—Term: Demand— Rate: ½% above our [plaintiff's] prime, which rate shall be adjusted from time to time based upon any fluctuation in the rate. Mortgage to be paid in full on or before December 31, 1969, unless sooner demanded. Property Location: E/S Round Hill Road, Greenwich, Connecticut, consisting of approximately 22 acres."

This loan was, as was the previous loan for $300,000, processed by the plaintiff in accordance with its usual procedure for large-amount, short-term obligations, with interest charged at the floating rate of one-half of 1 percent above the plaintiff's prime rate. The new loan was evidenced by a

note executed by the defendants on February 26, 1969, and secured by a mortgage of the Round Hill property prepared by the defendants' attorney, Charles W. Pettengill. Following each increase in interest on the new loan, the defendants were promptly notified and promptly paid the increased interest rate. In fact, the defendants paid, without objection, interest on the new loan at the rate of 9 percent from June 10, 1969, until December 31, 1969. In April, 1969, the mortgaged property was attached in connection with a suit for $20,000,000 brought against the defendants by Samuel H. Dick, the named defendant's father, and in August, 1969, the named defendant met with two officers of the plaintiff at the Greenwich Country Club, where that suit was discussed and the plaintiff's officers agreed to let the matter continue on the same basis as before. The named defendant testified that it was at this meeting that an oral extension agreement was reached by the parties. Following this meeting neither the plaintiff nor the defendants executed or exchanged any memoranda regarding any oral extension. On November 19, 1969, the plaintiff wrote the defendants, reminding them of the forthcoming maturity of their loan. This letter was referred by the defendants to Morgan P. Ames, their new attorney. Ames, on December 2, 1969, wrote a personal letter to the president of the plaintiff requesting an extension for the payment of the loan so as to give "your customer and our client time within which to disengage himself from this litigation." In this letter no mention was made of any oral extension.

The court concluded that the defendants had established an oral extension for payment of the $500,000 loan until such time as they had concluded

the litigation in the lawsuit brought by Samuel H. Dick and that this oral extension was "legally valid and enforceable and supported by valuable consideration to wit: the increase in the rate of interest payable from 7½% to 9% and the deposit of four additional acres of land as additional collateral." The court also concluded that the mortgage deed was duly executed and was a valid lien, and that there was no need to rule on the special defense that the loan was governed by the Uniform Commercial Code.

The doctrine of consideration is fundamental in the law of contracts, the general rule being that in the absence of consideration an executory promise is unenforceable. *Osborne* v. *Locke Steel Chain Co.,* 153 Conn. 527, 530, 218 A.2d 526. Consideration consists of a benefit to the party promising, or a loss or detriment to the party to whom the promise is made. Id., 531; *Finlay* v. *Swirsky,* 103 Conn. 624, 631, 131 A. 420. It is also basic contract law that any agreement extending the time of payment of a loan must be supported by valid consideration and requires the debtor to do, or to promise to do, something further than, or different from, that which he is already bound to do. *Dahl* v. *Edwin Moss & Son, Inc.,* 136 Conn. 147, 155, 69 A.2d 562; *Simone* v. *Kirschner,* 100 Conn. 427, 429, 124 A. 20. The consideration cited by the court in this case was the increase in interest payable from 7½ percent to 9 percent and the mortgaging of four additional acres of land. Nevertheless, the court specifically found in the cross appeal that from the beginning the defendants agreed to pay interest at the floating rate of ½ percent above the plaintiff's prime rate and that the defendants did at all times pay interest at this floating rate. As to the conclusion of a mortgage of

additional land as collateral, the subordinate facts found in the plaintiff's appeal established the contrary, in that the additional four acres purchased by the defendants in March, 1969, were never placed as collateral. In the absence of proof that the defendants ever paid any interest greater than the interest they had from the beginning agreed to pay, and with the original 21.914 acres the only land ever deposited as collateral for the mortgage, the conclusion of the court on the issue of consideration must be held inconsistent with the subordinate facts found and, consequently, cannot stand. *Johnston Jewels, Ltd.* v. *Leonard,* 156 Conn. 75, 79, 239 A.2d 500. Since the purported oral extension agreement is unsupported by any consideration, the trial court committed error in its conclusion on this issue.

The interest recited in the mortgage note was incorporated by reference into the mortgage deed. While it is true that the mortgage note recited interest payable at a rate of 7½ percent and made no mention of a floating rate, this fact does not affect the conclusion that the defendants gave no consideration for the alleged oral extension agreement. The terms in the letter of commitment and the parties' conduct in adhering to those terms made it abundantly clear that they understood that the interest rate would float, and it is of no moment, as between the parties at least, that the note did not mention this fact. The principle that a mortgage deed must with reasonable certainty set forth the nature and amount of the debt is relevant in determining the validity of the mortgage as against subsequent encumbrancers but not as between the parties themselves. *Thomaston Savings Bank* v. *Warner,* 144 Conn. 97, 100, 127 A.2d 495; *Sadd* v. *Heim,* 143 Conn. 582, 585, 124 A.2d 522.

In their cross appeal the defendants attack the conclusion that the mortgage deed was duly executed, witnessed, acknowledged and recorded, and they assert that it was not a valid lien. An attack on a conclusion is tested by the subordinate facts found. *Brauer* v. *Freccia,* 159 Conn. 289, 293, 268 A.2d 645. The conclusion must stand unless it is legally or logically inconsistent with the facts found. *Craig* v. *Dunleavy,* 154 Conn. 100, 105, 221 A.2d 855. Since the unchallenged subordinate facts in the finding amply support the conclusion in question, the defendants' claim lacks merit.

The defendants further contend that the court erred in failing to rule on their claim that provisions of the Uniform Commercial Code were a bar to the present foreclosure action. This argument overlooks the fundamental precept of article 9 of the Uniform Commercial Code, which applies only to the creation of a security interest in personal property or fixtures. General Statutes § 42a-9-102 (1). This is made explicit in the text of comment four to § 42a-9-102 which says: "This Article is not applicable to the creation of . . . [a] real estate mortgage." 20 Connecticut General Statutes, Annotated (West Ed.), p. 389. This claim lacks merit also.

There is error, the judgment is set aside and the case is remanded with direction to render judgment for foreclosure on such terms as equity dictates.

There is no error on the cross appeal.

In this opinion the other judges concurred.