[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON THE DEFENDANT'S MOTION TO STRIKE
The facts alleged in the plaintiff's complaint may be stated as follows for the purpose of the defendant's motion to CT Page 356 strike. The plaintiff retained the defendant to recruit an individual for employment as its shipping and receiving manager. The defendant agreed to refund its service charge if the person hired left the job within sixty days after he started work, provided the service charge had been paid within fifteen days after the beginning of his employment with the plaintiff.
In accordance with the parties' agreement, the plaintiff hired Duncan Babcock to serve as its shipping and receiving manager, and he began work on October 10, 1988. On October 3rd, Stackpole was told by Career Path that the charge for its services was $4,085.00, and that to qualify for its money-back guarantee, payment had to be received by October 24, 1988.
On October 25th, Career Path informed Stackpole that the refund would not be given unless payment was made that day but failed to pick up Stackpole's check as it had said it would. The following day Career Path told Stackpole to mail the check and stated that it would still be covered by the guarantee.
On November 3rd, Babcock terminated his employment and Stackpole requested Career Path for a refund of its service charge. Upon the defendant's refusal to do so the plaintiff brought this action for breach of the contract.
The defendant has moved to strike the complaint on the ground that any promise to extend the date for payment to qualify for the refund is unenforceable for lack of consideration. The plaintiff argues in opposition to the motion that as a result of Career Path's promise to extend the time for payment, Stackpole made the payment "earlier than it was otherwise obligated to do" and that its early payment constitutes a sufficient consideration.
It is a generally accepted rule of contract law that "a promise to do that which one is already bound by his contract to do is not a sufficient consideration to support an additional promise by the other party to the contract." Blakeslee v. Water Commissioners, 106 Conn. 642 at 652. For example, an agreement extending the time for payment of a loan must be supported by valid consideration "and requires the debtor to do, or to promise to do something further than, or different from, that which he is already bound to do." State National Bank v. Dick,164 Conn. 523 at 529.
Where the time to pay an interest bearing debt is extended for a fixed time, the promise of each is of something detrimental, in that the creditor agrees to forbear the collection of his claim, and the debtor gives up his power to stop the accrual of further interest by the payment of the CT Page 357 principal at maturity. Williston on Contracts (3rd ed.) 122. Where there is no such mutuality of obligation there is no consideration for the extension of time for payment. Associated East Mortgage Co. v. Highland Park, Inc., 172 Conn. 395, 404.
Under the facts as alleged in the complaint the plaintiff did not promise to do something "further than, or different from" what he was already bound to do, namely, to pay the full amount of the defendant's bill. Accordingly, there was no consideration for the promise to extend the time for payment in order to qualify for the refund of the payment under the original agreement. See Austin Real Estate and Abstract Co. v. Bahn, 30 S.W. 430 (Tex. 1895).
The defendant's motion to strike is granted.
HAMMER, J.