[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#103)
ISSUE
Whether the court should grant the defendants' motion to strike the plaintiff's amended substituted complaint for legal insufficiency on the grounds that
 (1) the agreement between the parties did not satisfy the Statute of Frauds, Conn. Gen. Stat. 52-550(a);
 (2) the defendants gave the plaintiff a license which was revocable;
(3) the plaintiff did not allege that he gave CT Page 8029 consideration for the right to use the defendants' driveway.
In a substituted complaint dated January 18, 1991, the plaintiff Boccuzzi (hereinafter "plaintiff") alleges that his neighbor, Paul Murphy, reneged on an oral agreement between the parties. The oral agreement allegedly gave the plaintiff access to defendant Paul Murphy's driveway so that the plaintiff's work men could cross the defendant's driveway, and enter the plaintiff's backyard for regrading purposes. On May 22, 1991, the defendant Paul Murphy filed motion to strike (#103). Before the motion was ruled upon by the court, the plaintiff filed an amended substituted complaint on May 30, 1991 adding Mrs. Paul Murphy as a defendant. The parties have agreed that motion to strike #103 is to be directed toward the amended substituted complaint of May 30, 1991.
In the amended substituted complaint, the plaintiff alleges that he decided to build a retaining wall in the rear of his property "so as to level a portion of the rear yard to make it more suitable for plaintiff's use of said premises." The plaintiff further alleges that defendant Paul Murphy orally gave the plaintiff permission to use his driveway so that the plaintiff's workers could more easily enter the plaintiff's backyard, but then withdrew his permission after one week because he didn't like the appearance of the retaining wall. The plaintiff allegedly agreed to modify the retaining wall. Defendant Paul Murphy orally accepted the modification, but then allegedly refused the plaintiff's workers access to his driveway the following day. Defendant Mrs. Paul Murphy then allegedly orally agreed to give the plaintiff access to the driveway if the plaintiff would install a split rail fence and plant shrubs to screen the retaining wall from the defendants' view. The plaintiff alleges that the following day defendant Paul Murphy once again stopped the plaintiff's workers from using his driveway. The plaintiff alleges that he has sustained damages because his workmen were not permitted to enter the driveway of Mr. and Mrs. Paul Murphy (hereinafter "defendants") and because the plaintiff was required to remove trees from his own property in order to obtain access to his own backyard.
The defendants move to strike the one-count amended substituted complaint on the grounds that
 (1) the agreement between the parties did not satisfy the Statute of Frauds, Conn. Gen. Stat. 52-550(a);
 (2) the defendants gave the plaintiff a license which was revocable; CT Page 8030
 (3) the plaintiff did not allege that he gave consideration for the right to use the defendant's driveway.
The parties timely filed memoranda of law, and supplemental memoranda of law.
Discussion
The motion to strike tests the legal sufficiency of a pleading. Ferryman v. Groton, 212 Conn. 138, 142 (1989); Conn. Practice Bk. 152 (rev'd to 1978, as updated to November, 1990). "A motion to strike. . .admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." Mincachos v. CBS, Inc., 196 Conn. 91,108 (1985) (citations omitted). In ruling on a motion to strike, the court must construe the facts alleged in the complaint in the manner most favorable to the nonmovant. Rowe v. Godou, 209 Conn. 273, 278 (1988).
The defendants first argue that the alleged agreement between the parties did not satisfy the Statute of Frauds, Conn. Gen. Stat. 52-550(a). The plaintiff argues in turn that he is alleging the breach of an oral contract, not an agreement concerning real property.
The Statute of Frauds provides that "[n]o civil action may be maintained in the following cases unless the agreement, or a memorandum of the agreement, is made in writing and signed by the party, or the agent of the party, to be charged. . . (4) upon any agreement for the sale of real property or any interest in or concerning real property. . . ." Conn. Gen. Stat. 52-550a.
The defense of the Statute of Frauds may be raised by a motion to strike. Montanaro v. Pandolfini, 148 Conn. 153, 156
(1961). Breen v. Phelps, 186 Conn. 86, 92 (1982) (oral contract for sale of real estate); Bourbeau v. Moffit, 4 CSCR 780
(October 11, 1989, O'Connor, J.) (agreement to release mortgage); Vigneri v. Prouty, 4 CSCR 788, 789 (October 4, 1989, Mack, J.) (oral contract for the sale of land). Courts permit the Statute of Frauds to be raised by a motion to strike when the alleged agreement falls squarely within those categories of agreements required by the statute to be in writing. The defendants' attempt to categorize the alleged oral agreement in the instant case as an "agreement concerning real property" is not binding upon the court. Therefore, the defendants' motion to strike on the ground that the alleged agreement between the parties does not satisfy Statute of Frauds is an attack on the merits of the case, rather than upon the legal sufficiency CT Page 8031 of the plaintiff's claim. The court denies the defendants' motion to strike on Statute of Fraud grounds.
The defendants also move to strike the amended substituted complaint on the ground that the defendants gave the plaintiff a revocable license. Whether the alleged oral agreement is a revocable license once again goes to the merits of the case, and cannot be raised by a motion to strike. As this motion to strike does not attack the legal sufficiency of the amended substituted complaint, the court denies the defendants' motion to strike the complaint on the ground that the defendants gave the plaintiff a revocable license.
Finally, the defendants move to strike the amended substituted complaint on the ground that the plaintiff did not give consideration for the right to use the defendants' driveway, nor allege such consideration in his complaint. "Consideration consists of a benefit to the party promising, or a loss or detriment to the party to whom the promise is made." State National Bank v. Dick, 164 Conn. 523, 529 (1973).
The plaintiff alleges that he advised defendant Paul Murphy that without access to the defendants' driveway he would be unable to "complete said regrading and reconstruction at a reasonable cost and in an expeditious manner." The plaintiff also alleges that the defendant granted him access in return for he plaintiff's promise that he would restore the driveway to its original condition after the reconstruction. Finally, the plaintiff alleges that he promised to install at his own expense "a split rail fence and shrubs and plantings upon the Defendants' property so as to screen said retaining wall from the Defendants' view." The plaintiff has sufficiently alleged consideration, and that the defendants' motion to strike on the ground that the plaintiff has failed to allege consideration is denied.
Conclusion
For the above reasons, the court denies the defendants' motion to strike the plaintiff's amended substituted complaint.
KARAZIN, J.