[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action was commenced by complaint dated March 18, 1987 against the named defendant, Designs on Travel, Inc. (DOT) and others, to enforce Hanover's rights under an indemnity agreement.
FACTS
By way of relevant factual background, prior to July 1984, the defendants J. Jerome Shinners and his wife, Dorothy Shinners owned a travel agency called Globe Travel Service of Manchester, Inc. In July, 1984, the Shinners sold the business to DOT and transferred their stock in Globe Travel to DOT. As partial security for the purchase price of the business, the Shinners received five (5) shares of stock in DOT. The principal owners of DOT were David and Susan Gunas with forty (40) shares of the stock, and Lawrence Metivier with forty-five (45) shares. Joseph Metivier and Kim Lynch each held five (5) shares. The total shares being one hundred (100).
As a necessary condition of being an approved travel CT Page 9673 agency, with the authority to purchase tickets for its customers, the agency must be listed with an organization which acts as a clearing house or collection point for the airlines. In this case, both Globe Travel and DOT (initially) dealt with Air Traffic Conference of America (ATC) in that capacity. The travel agency is required to obtain a surety bond, in this case it was with Hanover, with Hanover liable as a surety to ATC, as obligee, for the performance of the travel agency. The primary purpose of the bond was to insure payment to the airlines if the travel agency failed to pay for the tickets it purchased.
DOT, on or about August 29, 1984 entered into such a bond or surety agreement with Hanover. (Plaintiff's exhibit 1). That surety agreement included an Indemnity Agreement running from Dot to Hanover in which DOT agreed to hold Hanover harmless from any losses it incurred as a result of its bond coverage. In addition to the Indemnity agreement of DOT, several persons individually agreed to personally indemnify Hanover for its losses, and those individual indemnitors included the shareholders of DOT.
The amount of the bond was $50,000.00 and the obligee was specifically named as ATC.
Sometime in the fall of 1984, Lawrence Metivier mentioned to Mr. Shinners that new bonding documents would be required. By then DOT was experiencing some internal discord and Mr. Shinners, who was working as an outside agent for DOT, told Metivier that he had some reservations about doing that. New bonding agreements were being required because ATC was forced to give up what was essentially a monopolistic practice and a new "clearing-house" the Airlines Reporting Corporation (ARC) would be the organization with whom DOT would be dealing. The ATC agreements were terminated on December 30, 1984 and ARC agreements commenced on January 1, 1985. As of January 1, 1985, (on or about) ATC was no longer in business. In connection with this change, travel agencies were required to reapply for new bond agreements running to ARC as the obligee. Hanover sent the new bond application to DOT and the completed bond application was returned to Hanover, dated December 29, 1984. The new bond agreement contained, as did the first, an Indemnity Agreement purportedly signed by the same individual indemnitors. It is undisputed that the signature of Jerome Shinners, David Gunas and Susan Gunas are forgeries.
Thereafter, DOT defaulted on its obligation to ARC, and ARC made demand on Hanover under the bond. Hanover paid over to ARC the sum of $39,549.47. CT Page 9674
Hanover then commenced suit against the indemnitors based on the Indemnity Agreement of December 29, 1984. When it was learned that some of the indemnitor's signatures on that agreement were forgeries, the complaint was amended to enforce Hanover's rights under the earlier Indemnity Agreement dated August 29, 1984.
Thereafter David Gunas and Susan Gunas paid $42,637.20 to Hanover to satisfy its claim on the Indemnity Agreement. On August 10, 1988, David Gunas and Susan Gunas became subrogated to the rights of Hanover as evidenced by Plaintiff's exhibit 7, General Release and Assignment. Mr. and Mrs. Gunas were substituted as party plaintiffs and now claim a right of contribution against Mr. Shinners.
ISSUES
Mr. Shinners cannot be bound by the forged agreement of December 29, 1984. Basically, a person cannot be liable on an instrument where his signature is forged or unauthorized, 12 Am. Jur. 2nd Bond Sec. 21.
Plaintiffs argue that, although the second Indemnity Agreement is a nullity as to the Shinners, the earlier Agreement signed by Shinners in August 1984 is effective and under that agreement he is required to reimburse the plaintiffs. The Court does not agree.
The Court is satisfied that the first agreement was valid, the consideration was the agreement of Hanover to become surety on a $50,000 bond. National Bank v. Dick,164 Conn. 523 (1973). Mr. Shinners was a shareholder of DOT and his claim that he did not believe he was accepting personal liability is not persuasive, especially in light of his own background in the travel business.
But the old agreement was no longer effective since the obligee was no longer in business. The bonding company required that new agreements be entered into to reflect the changes, in order to continue the ability to purchase airline tickets through an authorized clearing house. Mr. Shinners testified that the agreement with ARC was not identical with that of ATC in that new terms were added and liabilities were increased (although the agreements between DOT and ARC were not introduced by any party.)
There is no question also that the default by DOT occurred with ARC and not while the agreement with ATC was in effect. CT Page 9675
In this case, the original contract secured by the bond to ATC was terminated on December 30, 1984. The new contract which went into effect on January 1, 1984 could not bind Shinners as he was not a party to it.
In other words, while agreeing to indemnify Hanover for claims arising from the agency agreement with ATC, Mr. Shinners did not contract to indemnify Hanover for claims arising from any contract with ARC.
According, judgment shall enter for the defendant J. Jerome Shinners.
HON. LAWRENCE KLACZAK Superior Court Judge