[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
The plaintiff instituted the present action to recover sums due on a promissory note signed by the defendants and now moves for summary judgment on the issue of liability. The note in question, is a Commercial Promissory Note payable "on demand" to the order of the plaintiff and contains provisions whereby the defendants waived presentment for payment, protest and notice of dishonor. The plaintiff has also submitted documentation that payment of the note has been demanded and the note has not been paid. The defendants have also admitted that they signed the note in issue.
General Statutes 3-307 (2) provides that "[W]hen signatures are admitted or established, production of the instrument entitles a holder to recover on it unless the defendant establishes a defense." Accordingly, with respect to the note in question, the plaintiff is entitled to recover unless the defendants allege and prove a defense. Connecticut Bank and Trust Co. v. Dadi, 182 Conn. 530,531 (1980).
The deposition taken of the defendant, Evon Malloy, indicates that he is not making any claim that the plaintiff misrepresented any facts and he testified that to the extent he borrowed money from the bank he should pay it back. The defendant Evon Malloy testifies that she did not think the bank had done anything wrong; that she was aware that there was a prior loan taken out by her husband and that the bank wanted additional security which she regarded as being "natural."
The first defense raised by the defendants relates to the fact that the note was not in default at the time demand for payment was made. However, the maker is required to pay the note in accordance with its tenor and a note payable on demand becomes due and payable immediately upon delivery. Tomaston Savings Bank v. Warner, 144 Conn. 97, 101 (1956); Curtis v. Smith, 75 Conn. 429,431 (1903); See, General Statutes 42a-3-413.
The defendants also claim that it has long been recognized that cases involving the wife's signing of a note at the request of her husband presents unique issues, citing such cases as National Bank of New England v. Smith 43 Conn. 327 (1876); Way v. Peck,47 Conn. 23 (1879). However, both cases involve the construction of a then newly enacted statute providing that actions may be CT Page 7333 sustained against a married woman on any contract made by her for the benefit of herself, her family and her estate. The courts in the cited cases determine that the facts of those cases were insufficient to permit recovery under the statute in question. However, that statute is not involved in the present case and accordingly, the cases cited by the defendants are not applicable.
The defendants also claim that the bank acted unfairly and not in good faith. The defendants argue that the defendant Evon Malloy was not counseled by the bank prior to the execution of the note. However, the defendants have pointed to no duty upon the bank to do so nor have they pointed to any misrepresentation by the bank nor to any misunderstanding of the transaction involved.
The defendants also claim that there was a lack of consideration for the transaction because no monies changed hands at the time of the execution of the note. However, it appears that the plaintiff wanted more security for a preexisting loan with the defendant William Malloy, and requested a mortgage on the property of Evon Malloy. The defendants did not consent to proposed mortgage and the defendant, Evon Malloy, at the request of the plaintiff, signed promissory note which is the subject of the instant action. The prior note was then cancelled. General Statutes 42-3-408 provides that "no consideration is necessary for an instrument or obligation thereon given in payment of or as security for an antecedent obligation of any kind." The promise of a creditor to forebear from suit constitutes sufficient consideration for a promissory note executed return therefore. Markel v. DiFrancesco,93 Conn. 355 (1919).
The standards for the granting of a Motion for Summary Judgment have been set forth in various cases such as, Hammer v. Lumbermen's Mutual Casualty Co., 214 Conn. 573, 578-579 (1990); and Fogarty v. Rashaw, 193 Conn. 442, 445 (1984). Under the appropriate applicable standards the defendants have failed to establish the existence of a defense to the action of the plaintiff and the plaintiff has established its burden that there are no genuine material issues of fact. Accordingly, the Motion for Summary Judgment with respect to liability is hereby granted.
RUSH, J. CT Page 7334