[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
The plaintiffs, Richard Rohner and Krystine Rohner, have moved for summary judgment against James A. Miller ("Miller") and Kurt Cavanaugh ("Cavanaugh") in this action in which the plaintiffs seek payment on two promissory notes.
The complaint alleges that Miller and Cavanaugh are jointly and severally liable to the plaintiffs on 1) a promissory note dated January 31, 1990 in the original principal amount of $32,000 (the "$32,000 Note") and on 2) a promissory note dated March 15, 1990 in the original principal amount of $49,800 (the "$49,800 Note"). The complaint further alleges that the entire principal balance of the $32,000 Note was due and fully payable on February 1, 1995 and has not been paid. The complaint also alleges that the entire principal balance of the $49,800 Note was due and fully payable on April 1, 1995 and has not been paid.
The defendants admit that they are liable to the plaintiffs on the aforementioned notes, but deny that the balance due under those notes is fully payable. The defendants claim that a letter written to them by the plaintiffs' former attorney gave them until March 10, 1996 to make payment due under the notes. That letter was written by Richard M. Quinlan, dated March 6, 1995 and stated:
Dear Messrs. Cavanaugh and Miller:
 The two promissory notes (the "Notes") you gave to Richard and Krystine Rohner dated January 31, 1990 and March 15, 1990, for $32,000 and $49,800 respectively, are in default for failure to make the payments when due. Pursuant to the terms of the Notes, Mr. and Mrs. Rohner hereby demand that you pay in full the entire principal and interest due on each Note no later than March 10, 1996.
If you have any questions, please call me.
This action to collect the amount due under the notes was commenced by writ, summons and complaint dated March 14, 1995 and served on Cavanaugh and Miller on March 22, 1995. CT Page 11550
In opposition to the Motion for Summary Judgment the defendants have attached no affidavits. Rather, they have presented a memorandum of law by their attorney which states that "Rohner" met with the defendants on March 3, 1995, the defendants explained that they were unable to make payments on the notes, and "no final resolution of the issues" was reached at the meeting. In deciding whether summary judgment should be granted the court cannot consider the statement of the defendants' attorney. See Practice Book § 380. The defendants have also presented the sworn interrogatory answers of Miller in which he states that after meeting with the plaintiffs on March 3, 1995 at which time the defendants told the plaintiffs they could not make payment on the notes, the defendants received the letter from Attorney Quinlan which gave them until March 10, 1996 to make payment and that letter appeared "to be a natural follow up to their conversation with Plaintiffs."
The defendants have admitted that they did not provide any consideration to the plaintiffs in exchange for the one year extension of time which they claim they were given by virtue of the March 6, 1995 letter from Attorney Quinlan. See Requests for Admission, June 13, 1995, ¶ 6.
"`Practice Book § 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . Although the party seeking summary judgment has the burden of showing the nonexistence of any [issue of] material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. . . . It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of [an issue of] material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment].' (Citations omitted; internal quotation marks omitted.) Water Way Properties v. Colt'sMfg. Co., 230 Conn. 660, 664-65, 646 A.2d 143 (1994). `In evaluating the propriety of a summary judgment, we are confined to an examination of the pleadings and affidavits of the parties to determine whether (1) there is no genuine issue as to any material CT Page 11551 fact, and (2) the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Broadley v. Board ofEducation, 229 Conn. 1, 4 n. 7, 639 A.2d 502 (1994)." Miller v.United Technologies Corp. , 233 Conn. 732, 744-745, ___ A.2d ___ (1995).
The parties agree as to the following facts: 1) On May 3, 1995 the parties met and the defendants told the plaintiffs they could not pay the notes; 2) the plaintiffs' attorney wrote to the defendants on March 6, 1995 concerning payment of the notes; 3) the plaintiffs commenced action to collect the amount due under the notes on March 14, 1995; 4) the defendants are liable under the notes; 5) the notes provide that the full principal balance is due and payable as of February 1, 1995 with respect to the $32,000 Note and April 1, 1995 with respect to the $49,800 Note; and 6) the defendants provided no consideration to the plaintiffs in exchange for any extension of time to pay the notes.
The passage of only some eleven days between the March 3, 1995 meeting between the parties and the date of the writ, summons and complaint in this action, strongly suggests that the payment date of March 10, 1996 contained in Attorney Quinlan's letter was a typographical error and that he intended to demand payment by March 10, 1995. To the extent the defendants believed that the plaintiffs had given them one extra year to pay off the notes, they clearly did not reasonably hold that belief for very long, because once this action was commenced, it should have been apparent to the defendants that they had not been given an extension of time to pay.
The plaintiffs have not addressed any circumstances surrounding Attorney Quinlan's letter, or any beliefs held by the defendants. Instead, they argue that summary judgment should issue in this action because there was no consideration given for the alleged extension of payment time contained in Attorney Quinlan's letter. This court agrees.
"The doctrine of consideration is fundamental in the law of contracts, the general rule being that in the absence of consideration an executory promise is unenforceable." StateNational Bank v. Dick, 164 Conn. 523, 529, 325 A.2d 235 (1973). A modification of an agreement must be supported by valid consideration and requires a party to do, or promise to do, something further than, or different from, that which he is already bound to do. State National Bank, supra; Thermoglaze, Inc. v.CT Page 11552Morningside Gardens Co., 23 Conn. App. 741, 745-46 (1991).
The alleged extension of time contained in Attorney Quinlan's letter was not a valid modification of the payment times required under the notes because it was not supported by consideration.
Summary judgment may enter in favor of the plaintiffs against the defendants James H. Miller and Kurt P. Cavanaugh on the First Count of the complaint in the amount of $31,268.80, which represents the principal balance due under the $32,000 Note of $29,643.80 and interest at the rate of 8% from February 1, 1995 through the date hereof in the amount of $1,625 (per diem $6.50) and on the Second Count of the complaint in the amount of $49,457.89, which represents the principal balance due under the $49,800 Note of $47,490.40 and interest at the rate of 8% from April 1, 1995 through the date hereof in the amount of $1,967.49 (per diem $10.41). The total amount of the judgment as to both counts is $80,726.69.
The notes in question provide for the plaintiffs' recovery of a reasonable attorney's fee as well as costs and expenses. The court will consider awarding reasonable attorney's fees at a subsequent hearing.
By the Court, Aurigemma, J.