[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION MOTION FOR SUMMARY JUDGMENT AS TO LIABILITY (#111)
The plaintiff, Mohican Valley Corporation, brings this action to recover $19,481.70 plus costs and interest allegedly owed to it by the defendant, East Coast Modular Homes, Inc., and by the guarantor defendants, Barbara and Brent St. John. The plaintiff alleges that there is a balance due and owing for the sale of ready mix concrete and related materials sold and delivered to the defendants pursuant to an open account agreement. The plaintiff further alleges that the St. Johns personally guaranteed payments on the open account. On June 9, 1995, the defendants filed an answer and a special defense in which they allege that the personal guarantee signed by the St. Johns is void for lack of consideration.
On October 10, 1995, the plaintiff filed a motion for summary judgment as to liability only, supported by a memorandum of law, an affidavit and documentary evidence. On October 27, 1995, the defendants filed a memorandum in opposition along with affidavits of Barbara and Brent St. John.
"Practice Book § 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . Although the party seeking summary judgment has the burden of showing the nonexistence of any [issue of] material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with evidence disclosing such an issue. . . ." Miller v. UnitedTechnologies Corp., 233 Conn. 732, 744-45, 660 A.2d 810 (1995). Practice Book § 385 provides in pertinent part that "[a] summary judgment, interlocutory in character, may be rendered on the issue of liability alone, although there is a genuine issue as to damages. . . ."
In the present case the defendants admit in their answer CT Page 13949 that the plaintiff sold and delivered goods and materials to them pursuant to a credit agreement. The defendants also admit that they have failed to pay the balance due on their account. The plaintiff's affidavit establishes that the defendants presently owe the plaintiff $19,481.70 plus fees and costs.
The defendants do not contest the facts stated in the plaintiff's affidavit. The defendants also do not present any evidence or raise any defenses with respect to the amount owed by the defendant company, East Coast Modular Homes, Inc. The defendants' affidavits and special defense apply only to the St. Johns, as personal guarantors. Therefore, because there are no genuine issues of material fact, the plaintiff's motion for summary judgment as to liability may be granted with respect to the defendant, East Coast Modular Homes, Inc.
In opposition to the plaintiff's action, the St. Johns raise lack of consideration as a special defense. In response, the plaintiff argues that consideration was given to the defendants because in exchange for the St. Johns' personal guarantee, the plaintiff allowed the defendants to open and maintain a commercial charge account and purchase materials on credit.
"To constitute sufficient consideration for a promise, an act or promise not only must be a detriment to the promisee, but must be bargained for and given in exchange for the promise."Fisher v. Jackson, 142 Conn. 734, 737, 118 A.2d 316 (1955). "Consideration consists of a benefit to the party promising or a loss or detriment to the party to whom the promise is made."State National Bank v. Dick, 164 Conn. 523, 529, 325 A.2d 235
(1973). In the present case, consideration in the form of a commercial charge account was given to the defendants in exchange for the St. Johns' personal guarantee. Therefore, the St. Johns' special defense fails to raise a genuine issue of material fact.
In support of its motion for summary judgment, the plaintiff contends that based on the express terms of the credit agreement (attached as an evidentiary exhibit to the motion for summary judgment), the St. Johns personally and unconditionally guaranteed payment for all materials and services provided by the plaintiff to the defendants. In response, the St. Johns contend that their personal liability is limited to $5,000.00 because the credit agreement states "credit limit $5,000.00" on CT Page 13950 the front of the agreement.
In the present case the St. Johns do not contest their liability as guarantors, nor do they attack the making or validity of the credit agreement. Thus, there is no genuine issue of material fact with respect to the issue of their personal liability for either all or some portion of the debt due and owing to the plaintiff.
The court notes, however, that the St. Johns attest that they intended to personally guarantee only $5,000.00 (i.e., the amount of the credit limit). The court also notes that the plaintiff argues that based on the language of the credit agreement, the St. Johns personally guaranteed the total debt that is due and owing. While the St. Johns' affidavits raise a genuine issue of material fact with respect to the amount guaranteed (i.e., whether the guarantee is unlimited or limited to $5,000.00), the genuine issue of material fact raised by their affidavits goes to the amount of damages that the plaintiff may collect from them, as opposed to their liability for all or part of the debt due and owing. The peripheral issue of damages (as well as any issue concerning the parties' intent as evidenced by the language of the credit agreement), can be resolved in the context of a hearing in damages pursuant to Practice Book § 385.
Where there is no genuine issue of material fact with respect to liability, a genuine issue of material fact as to the amount of damages does not prevent the court from rendering an interlocutory summary judgment as to liability only. Accordingly, the court grants the plaintiff's motion for interlocutory summary judgment on the issue of liability.
BALLEN, JUDGE.