[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Filed July 24, 1997
The plaintiff, Marvin C. Perlin, has filed this two-count complaint against the defendant, Betsy Henley-Cohn, to recover the balance of a debt. In count one, the plaintiff alleges that: (1) on November 1, 1983, the defendant became indebted to him in the amount of one million fifty thousand dollars and executed to him two promissory notes, one in the amount of $400,000.00, and the other in the amount of $650,000.00; (2) such notes contained a provision acknowledging that such indebtedness derived from a commercial transaction and therefore waiving the rights to notice and a hearing with respect to any prejudgment remedies; (3) such notes were to be repaid in full on or before November 1, 1986, together with interest and costs of collection, including attorneys fees, if necessary to collect the debt; (4) the CT Page 7808 plaintiff is still the holder of these notes; and (5) the defendant has failed to repay the notes upon maturity and therefore has defaulted under the terms of the notes.
In count two, the plaintiff alleges in the alternative that: (1) on July 7, 1994, the defendant executed a promissory note in his favor in the amount of $140,000.00; (2) the 1994 note represents an agreement between the parties to compromise the plaintiff's claim against the defendant for the balance due under the two 1983 notes; (3) such note provided for the capitalization of the interest accrued and unpaid as of December 31, 1995 with the total amount payable in 96 equal installments commencing on February 1, 1996; (4) the defendant has failed to repay the installment due on February 1, 1996 and therefore the note is in default; and (5) the plaintiff has exercised his option, provided in the note itself, to accelerate the loan and declare the entire amount of the note, including interest, due and payable.
The defendant filed an answer and a special defense on June 20, 1996. The defendant's special defense asserts that she tendered full payment to the plaintiff, according to the terms of the 1983 notes, but the plaintiff refused such tender and should therefore be estopped from collecting.
On March 12, 1997, the plaintiff filed the present motion for summary judgment and requested that judgment be entered in his favor with regard to count one, on the ground that there are no issues of material fact and that he is entitled to judgment as a matter of law. In support of his motion for summary judgment, the plaintiff has attached the portions of the complaint which were admitted by the defendant, the defendant's disclosure of defense, the plaintiff's request for admissions served on the defendant on May 3, 1996, the plaintiff's own affidavit, the affidavit of the plaintiff's attorney at the time of the transaction, the affidavit of the plaintiff's current attorney, and a certified copy of the deposition of the defendant. The plaintiff specifies that he seeks summary judgment only on the first count of the complaint, which is based on the 1983 notes. The plaintiff further states that he will abandon the second count which is based on the 1994 note, if judgment is entered in his favor on the first count.
Summary judgment is a method of resolving litigation when the pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the CT Page 7809 moving party is entitled to judgment as a matter of law. Practice Book § 380; Wilson v. New Haven, 213 Conn. 277, 279,567 A.2d 829 (1989). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The test is whether a party would be entitled to a directed verdict on the same facts." (Citation omitted; internal quotation marks omitted.) Delahunty v.Massachusetts Mutual Life Ins. Co., 236 Conn. 582, 588 n. 10,674 A.2d 1290 (1996). For purposes of a motion for summary judgment, "the moving party has the burden of presenting evidence that shows the absence of any genuine issue of material fact, the opposing party [however] must substantiate its adverse claim with evidence disclosing the existence of such an issue." Haesche v.Kissner, 229 Conn. 213, 217, 640 A.2d 89 (1994).
The plaintiff maintains that this case is amenable to summary judgment since the facts are undisputed. He emphasizes that the existence of the debt, the execution of the promissory notes, and the amount of outstanding balance on the principal have been admitted by the defendant. (Request for Admission of Facts and Execution of Writings, ¶¶ 1, 2, and 4.)[1] The plaintiff contends that these facts are established and that he is entitled to judgment as a matter of law.
The defendant opposes the motion for summary judgment on the ground that the 1994 note referred to by the plaintiff is a novation of the two 1983 notes. Because a novation extinguishes the prior agreement between the parties, the defendant argues that the plaintiff cannot collect under the terms of the prior notes since the latter note now governs the rights and obligations of the parties.
In his reply memorandum, the plaintiff counters that the defendant's claim of novation must be rejected because it is "outside the pleadings" given that it raises a defense not previously asserted in this action. The plaintiff further maintains that, even considered on its merits, the defendant's claim does not meet the legal test of a novation. He states that the 1994 note was nothing more than a preliminary draft of a proposal for a compromise agreement to negotiate a restructuring of the debt owed by the defendant, that the draft is incomplete, lacking the date and description of property to be pledged as security under the compromise agreement, and that it contains inaccuracies and typographical errors. More importantly, the plaintiff argues that the defendant, who was to provide security CT Page 7810 for the note in the form of a mortgage on certain property that she owned, in fact never provided such security.
Finally, the plaintiff characterizes the 1994 note as an "executory accord" which, as such, would have satisfied the original obligation only upon performance under its terms by the defendant. Since the defendant never performed any of the agreement's conditions, and consequently breached the accord, the plaintiff claims the option of seeking either enforcement of the original duty or enforcement of any obligation under the accord.
A compromise agreement is a contract between parties to a dispute who, in order to resolve their differences over a claim, agree to an amicable settlement based upon mutual concessions. Compromise agreements can be divided into two categories. Agreements in the first category are called "executory accords"; agreements in the second category are called "substituted contracts." See generally 1 C.J.S. 460, Accord and Satisfaction § 3 (1985). "Novation" is a term which "is usually used with reference to instances in which a new party is introduced into the new contract, while `substituted contract' is the designation commonly employed to cover agreements between the same parties which supersede and discharge prior contract obligations. . . . There is, however, no distinction so far as concerns the legal effect." (Citation omitted.) Riverside Coal Co. v. American CoalCo., 107 Conn. 40, 44-45, 139 A.2d 276 (1927).
If the compromise provides for the acceptance in the future of a stated performance in satisfaction of the claim, the contract is an "executory accord." Restatement of Contracts § 417 (1932); A. Corbin, Contracts § 1269 (1962). "An accord is a contract between creditor and debtor for the settlement of a claim by some performance other than that which is due. Satisfaction takes place when the accord is executed." (Citation omitted; internal quotation marks omitted.) Herbert S. Newman andPartners v. CFC Construction Ltd., 236 Conn. 750, 764,674 A.2d 750 (1996). The satisfaction is, consequently, "the performance of the new promise rather than the new promise itself." DoAllDallas Co. v. Melton, 498 S.W.2d 396, 400 (1973).
If, on the other hand, the compromise agreement itself is accepted as a substitution for and an extinguishment of the existing claim, then the compromise is a substituted contract. Restatement of Contracts § 418 (1932); A. Corbin, Contracts § 1269 (1962). "A recognized test for whether a later CT Page 7811 agreement between the same parties to an earlier contract constitutes a substitute contract looks to the terms of the second contract. If it contains terms inconsistent with the former contract, so that the two cannot stand together it exhibits characteristics . . . indicating a substitute contract." (Internal quotation marks omitted.) Bushnell Plaza DevelopmentCorp., 38 Conn. Sup. 683, 688, 460 A.2d 1311 (1983).
If the contract is an executory accord, the nonbreaching party may sue either upon the original obligation or upon the compromise agreement. "If the debtor breaches such a contract the creditor has alternative rights. He can enforce either the original duty or the subsequent contract." Restatement of Contracts § 417(c) (1932). If the agreement is a substitute contract, the nonbreaching party can enforce only the subsequent contract.
In the present case, the 1994 agreement cannot be classified as an executory accord. It does not evidence an intent by the parties that the future performance of its terms by the defendant would constitute the acceptance that the plaintiff required in satisfaction of the debt, but rather an intent that the agreement was to operate as an immediate substitution for and an extinguishment of the antecedent claim.[2]
In order to be effective, however, a substitute contract must be supported by consideration. Vachon v. Tomascak, 155 Conn. 52,56, 230 A.2d 5 (1967); Union Trust Company v. Jackson, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 286938 (July 14, 1992, Katz, J.). See also State National Bank v.Dick, 164 Conn. 523, 529, 325 A.2d 235 (1973) (modification of agreement requires valid consideration). Therefore, if consideration is lacking, the new agreement is not a valid and binding contract. Brian Construction and Development Co. v.Brighenti, 176 Conn. 162, 166, 405 A.2d 72 (1978).
To constitute new consideration, "a party [must] do, or promise to do, something further than, or different from, that which he is already bound to do." Thermoglaze, Inc. v.Morningside Gardens, Co., 23 Conn. App. 741, 745, 583 A.2d 1331, cert. denied, 217 Conn. 811 (1991). "[A] promise to do that which one is already bound to do does not constitute valid consideration for a modification of an agreement." Union TrustCompany v. Jackson, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 286938 (July 14, 1992, Katz, CT Page 7812 J.). For example, it has been held that, absent proof that the debtors ever paid interest greater than that which they had agreed to pay from the beginning, or that they had given the creditor additional collateral, an alleged oral agreement to extend the term of a loan was not supported by new consideration.State National Bank v. Dick, supra, 164 Conn. 529-30.
In the present case, while the 1994 note represents an attempt to reach a compromise concerning the defendant's obligations under the two previous notes, a binding agreement was never reached. The plaintiff was willing to renegotiate the previous loan at terms less advantageous to him than those under the previous notes, foregoing his rights under a claim which should have been satisfied by the defendant by November 1986, but no consideration was received. It is undisputed that the mortgage on certain real estate located in Hartford, Connecticut, which was supposed to be given by the defendant as security for the new agreement, was never provided.
The plaintiff has submitted an affidavit in which his attorney attests that the mortgage deed referred to in the draft 1994 note was never provided by the defendant. In addition, the plaintiff's request to admit contained a paragraph asking the defendant to admit that the security in question was never provided. Because the defendant has not responded to this request to admit, the defendant is deemed to have admitted that the mortgage was never provided. "[O]ur Supreme Court affirmed the granting of a summary judgment on the basis of admissions by a party who did not respond to requests to admit, even though an opposing affidavit was filed." Allied Grocers Cooperative, Inc.v. Caplan, 30 Conn. App. 274, 280, 620 A.2d 165 (1993). Moreover, the defendant has failed to present evidence that she supplied any other consideration that would support a mutuality of obligation. The defendant did not incur any additional detriment, nor did the plaintiff receive any additional benefit for his promise to restructure and compromise his claim against the defendant for the balance due under the 1983 notes.
On a motion for summary judgment, "[a]lthough the moving party has the burden of presenting evidence that shows the absence of any genuine issue of material fact, the opposing party must substantiate its adverse claim with evidence disclosing the existence of such an issue." Haesche v. Kissner, 229 Conn. 213,217, 640 A.2d 89 (1994). The plaintiff in the present case has alleged, and the defendant is deemed to have admitted, that the CT Page 7813 consideration for the 1994 note was never provided; the defendant has presented no evidence, affidavits, of facts which can establish valid consideration to support the contention that the 1994 note constitutes a valid agreement between these parties, nor has she adequately raised any other genuine issues of material fact.[3]
The existence of the underlying debt, the execution of the promissory notes, and the outstanding principal balance are therefore all deemed admitted by the defendant, and the substitute agreement fails as a matter of law for lack of consideration. No other issue of material fact exists, and the plaintiff is therefore entitled to judgment as a matter of law. Accordingly, the motion for summary judgment is granted as to the first count.
SILBERT, J.