SUMMARY ORDER
This appeal arises from a payment Brookridge Funding Corp. made to Contracting Systems, Inc. II (“CSI”) in return for an assignment of an invoice owed to CSI by Northwestern Human Services, Inc. (“NHS”). When Brookridge tried to collect the amount due on the invoice, NHS refused, raising various contractual defenses and the case proceeded to trial. Initially, the United States District Court for the District of Connecticut (Droney, /.) entered a judgment in favor of Brookridge for approximately $1.4 million. NHS appealed, and this Court vacated the judgment and remanded for consideration of whether NHS received any benefit from the transaction, and, in the alternative, whether promissory estoppel applied. Brookridge Funding Corp. v. Northwestern Human Res., Inc., 170 FedAppx. 170 (2d Cir.2006). On remand, the District Court found that the obligation was supported both by consideration and promissory estoppel, and awarded Brookridge $2,759,024.43. NHS appeals again, contending that the District Court erred by finding that it received a benefit, that the damages award was too high, and that Brookridge failed to demonstrate the elements of promissory estoppel.
The first question before us here is whether NHS received sufficient benefit from the agreement so as to constitute consideration supporting a contract. Under Connecticut law, “[cjonsideration consists of a benefit to the party promising, or a loss or detriment to the party to whom the promise is made.” State Nat’l Bank of Conn. v. Dick, 164 Conn. 523, 325 A.2d 235, 238 (1973) (citing Finlay v. Swirsky, 103 Conn. 624, 131 A. 420, 423 (1925)). “Whether an agreement is supported by consideration is a factual inquiry reserved for the trier of fact....” Benedetto v. Wanat, 79 Conn.App. 139, 829 A.2d 901, 908 (2003). We review factual findings only for clear error. Doe v. Menefee, 391 F.3d 147, 163 (2d Cir.2004). A factual finding is *12 not “clearly erroneous” unless we are “left with the definite and firm conviction that a mistake had been committed.” Petereit v. S.B. Thomas, Inc., 63 F.3d 1169, 1176 (2d Cir.1995) (internal quotation marks omitted).
For substantially the reasons stated by the District Court, we believe that NHS did receive a benefit from Brookridge’s agreement to advance to CSI the money that NHS owed. Specifically, NHS expected to received significant benefits from the completion of a baseball stadium which it had agreed to pay CSI to construct. Construction on the stadium had stalled because NHS was not making its payments to CSI. Brookridge’s promise to advance the money to CSI allowed CSI to continue working on the baseball stadium, therefore protecting NHS’s expected benefit from the stadium. This is a sufficient benefit to support the District Court’s finding of consideration.
The second question before us is whether the District Court erred in awarding damages of $2,759,024.43. Connecticut law provides that “ ‘[t]he general rule of damages in a breach of contract action is that the award should place the injured party in the same position as he would have been in had the contract been performed.’ ” Gazo v. City of Stamford, 255 Conn. 245, 765 A.2d 505, 516 (2001) (quoting O’Hara v. State, 218 Conn. 628, 590 A.2d 948, 955 (1991)). This means that “[t]he usual recovery for breach of a contract is the contract price or the lost profits therefrom.” Id. at 516. Since “promissory estoppel serves as an alternative basis to enforce a contract,” the same principles apply to assessing damages regardless of whether the contract is enforced on the basis of adequate consideration or under the doctrine of promissory estoppel. See Torringford Farms Ass’n, Inc. v. City of Torrington, 75 Conn.App. 570, 816 A.2d 736, 740-41 (2003).
Brookridge, NHS, and CSI signed a “Notice of Purchase of Accounts Receivable” (“Acknowledgement”), which transferred to Brookridge all rights to the debt that NHS owed to CSI. This amount was stated in the Acknowledgement as $2,759,024.43. Accordingly, the damages award was proper. NHS objects that the terms of Brookridge’s agreement with CSI will only permit Brookridge to keep some fraction of the $2,759,024.43, but this is irrelevant to the calculation of Brook-ridge’s damages from NHS’s breach. Accordingly, we find no error in the damages award.
Because we find that there was consideration sufficient to support an enforceable contractual obligation between NHS and Brookridge, we need not decide whether the obligation is also enforceable under a theory of promissory estoppel. We have considered all of Appellant’s arguments and found them to be without merit. Accordingly, we AFFIRM the decision of the District Court.